Nov. Term,
1830.

MERRIMAN
v.
MAPLE.

---

## MERRIMAN v. MAPLE.

The assignee of a promissory note, assigned before it was due, delayed thirty days after it became due before he sued the maker. *Held*, that the indorser was not liable, in such a case, for the maker's default, unless the indorsee could show that an earlier proceeding was impracticable, or would have been unavailing.

Saturday,
November 27.

ERROR to the *Carroll* Circuit Court.

SCOTT, J.—Assumpsit by the assignee of a sealed note against the assignor. Plea, non-assumpsit; issue; and judgment for the plaintiff. Two other pleas were rejected on demurrer. We learn from the record, that the note was made by *Skinner*, payable to *Merriman* twelve months after date, and assigned by *Merriman* to *Maple* before it became due. The note became due on the eighth of *August*, 1821. On the tenth of *September* following, *Maple* sued out of the office of the *Franklin* Circuit Court a writ of capias ad respondendum against *Skinner*, returnable on the first Monday of *October*, which writ was returned *non est inventus*. On the sixth of *October*, an alias capias

issued returnable on the first Monday of *March*, 1822, which was returned executed, and judgment was rendered at that term for the plaintiff. Several executions were issued on the judgment and returned *nulla bona*. *Maple*, the assignee, then brought this suit and obtained judgment.

The complaint is, that due diligence was not used by *Maple* to obtain the money from *Skinner*. The liability of the assignor depends on the fact, that the assignee, after having used due diligence, has failed to obtain the money of the maker of the note. Had the assignee, notwithstanding the delay, succeeded in bringing *Skinner* into Court at the first term after the note became due, the assignor would have had no ground of complaint; but as the assignor had parted with the note, and had no more control over it, he had a right to require evidence that the assignee had commenced suit in due time, and had used all the means in his power to obtain judgment at the first term; or that he should show some reason why an earlier proceeding was impracticable, or, if practicable, that it would have been unavailing. A delay of upwards of thirty days, without any reason to justify or excuse it, is not, in our opinion, consistent with that due diligence which the law requires in such cases. If a man choose to sleep on his rights, he must do so at his own risk, and not at the hazard of his neighbour.

*Per Curiam.*—The judgment is reversed with costs.

*Wick*, for the plaintiff.

*Fletcher* and *Merrill*, for the defendant.