IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1833, IN THE SEVENTEENTH
YEAR OF THE STATE.

---

## FARNHAM v. HAY.

Note under seal for the payment of 220 dollars, one half payable in one year,
and the other half in two years, with interest. *Held,* that *debt* would not lie
on the note, until the last payment was due.

In debt, a count on a specialty and one on simple contract may be joined.

If a declaration contain one good count, a demurrer to the whole declaration
must be overruled.

ERROR to the *Washington* Circuit Court.

M'KINNEY, J.—This is an action of debt. The declaration
contains three counts. The first demands 110 dollars, and is
founded upon a writing obligatory, by which the defendant
promised to pay the plaintiff the sum of 220 dollars, one half
to be paid in one year, and the other half in two years from
the date, with lawful interest. The sum thus demanded is the
amount agreed to be paid in one year, it only having become
due. The second is for the same amount, the half of 220 dol-
lars borrowed of the plaintiff, and agreed to be paid in one
and two years. The sum claimed in this count is also the
amount agreed to be paid in one year, it being then due. The

third count is for 110 dollars advanced, laid out, and expended, for the defendant, at his special request, and agreed to be repaid to the plaintiff with lawful interest, in one year. The defendant, on *oyer*, demurred to the declaration. The demurrer was sustained and judgment rendered in his favour. The correctness of this judgment is questioned by the plaintiff in error. If either of the counts be good, the demurrer should have been overruled.

The two first counts are for the recovery of the half of a sum of money agreed to be paid by instalments, in one and two years, the whole debt not having become due. The law appears to be settled, that debt cannot be sustained for money payable by instalments, till the whole debt is due, unless the payment be secured by a penalty. 1 Chitt. Pl. 106.—*Rudder* v. *Price*, 1 H. Bl. 547.—2 Saund. 303, n. 6. Only one instalment of the sum agreed to be paid, was due at the time this suit was instituted, consequently, the action of debt was not appropriate. We cannot perceive that the operation of this rule can prove injurious; for if the contract be under seal, upon non-payment of the instalments as they respectively become due, the party has his remedy by action of covenant; or, if by parol, by that of assumpsit. *Tucker* v. *Randall*, 2 Mass. 283.— Bac. Abr. debt, b.—Com. Dig. action, f.—Co. Litt. 292.— 1 Chitt. Pl. 93, 113. From this view, the two first counts must be regarded as defective.

The third count, however, is not liable to the same objection; but as it is urged that it is insufficient, we will examine it and notice the defects that are suggested. This count is on a simple contract, and may be joined in the same action with debt on bond, or other specialty, or with debt on judgment. 1 Chitt. Pl. 196.—Bac. Abr. action, c.—Com. Dig. action, g.—13 Johns. 462. Chitty, (in 1st vol. on Pl. 397,) speaking *of different* counts for the same cause of action, says, "though both counts are in the same declaration, yet they are as distinct as if they were in separate declarations, and consequently they must independently contain all necessary allegations, or the latter count must expressly refer to the former." The rule is certainly more positive, requiring entire independence and sufficiency in counts, when in the same declaration are joined different causes of action, and whether a plaintiff whose declaration contains more than one count, claims a recovery upon one right of action only, or upon

several, cannot appear except in evidence. Gould's Pl. 171. When counts are thus joined, they must be considered as constituting distinct causes of action, and a defect in one does not attach to the other. In an action thus brought, the defective count should be demurred to; but if, instead of a defective count, there is a mis-joinder, the declaration would be bad on general demurrer. The third count may therefore contain a good cause of action, and, if the objection taken be not available, the Circuit Court erred in rendering judgment in favour of the defendants.

This count is in the common form of a count for money laid out, &c., and conforms to the precedents in all the essentials of such a count, but it is thought defective, from the fact of its claiming the same sum demanded in the others, from a conformity to the time to which the respective sums are stated to have become due, and from a presumption arising from the record which we cannot indulge, that the debt is claimed on the same contract. We do not think this objection good. If the debt were claimed on the same contract, the question of the rejection of evidence establishing this, would be proper on the trial, for the defendant is correct in saying that debt will not lie on a simple contract, when that contract is under seal; but it is equally correct, when debt is brought on a simple contract, that the fact whether that contract is merged by a specialty, is beyond the limits of legal presumption, and can only be known when evidence is introduced in support of the action. The demurrer only reaches apparent defects.

The count is also thought insufficient, because it does not state in the commencement, that the defendant owes and detains the debt, nor does it charge in the conclusion the non-payment of interest, or allege a sufficient breach. This objection is as untenable as the former. As to the first, it is only necessary to say, that the first and second counts being insufficient, the commencement of the declaration applies exclusively to the third. The breach is in the usual language, and, as respects interest, it is a question which, as the one previously examined, is proper for the jury. It is a rule at common law, that interest should be demanded in the beginning, through the declaration, and its non-payment form a part of the breach, for it is not allowed if not demanded in the declaration. *Hubbard*

22

May Term,   v. *Blow & Barksdale*, 1 Wash. R. 70.—*Brooke* v. *Gordon*, 2 Call.
1833.       R. 212.—*Wallace et al.* v. *Baker*, 2 Munf. R. 334.

HUSTON          We are therefore of opinion that the third count is good,
v.          and that the demurrer being to the whole declaration, should
WILLIAMS.   have been overruled.

*Per Curiam.*—The judgment is reversed with costs.   Cause remanded, &c.

*J. H. Farnham*, for the plaintiff.

*H. P. Thornton*, for the defendant.