REID *v.* COX.

A note dated on the twenty-fifth of *June*, 1838, payable one day after date, cannot be given in evidence to support a declaration on a note alleged to have been made on the fifth of *June*, 1839, payable one day thereafter.

If a surety in a promissory note that is due apprehend the insolvency of the
  principal, or his removal from the state, he may require the holder of the
  note, by notice in writing, to sue on it, whether the principal be insolvent
  or not; and if the holder fail to sue on the note within a reasonable time
  after such notice, the surety will be discharged.

May Term,
1840.

Reid
v.
Cox.

APPEAL from the *Wayne* Circuit Court.

Monday,
June 1.

Sullivan, J.—Debt on a promissory note by *Cox* against
*Reid*. The declaration avers that on the fifth day of *June*,
1839, the defendant (with others) made his note in writing,
by which he promised to pay to the plaintiff, one day there-
after, the sum of 653 dollars, &c. The defendant pleaded, 1.
*Nil debet;* 2. That he executed said note as surety for
*Moffitt & Co.*, they being principals, and that on the tenth
day of *December*, 1838, he notified the plaintiff in writing to
sue, &c., but that plaintiff neglected and refused to do so; 3.
The same substantially as the second plea. Replications to
the second and third pleas, that the plaintiff did, within a
reasonable time after receiving said notice, sue the makers of
said note.

The cause, by agreement of parties, was tried by the
Court, and judgment given for the plaintiff.

On the trial the plaintiff, in support of the averment in his
declaration, introduced a promissory note dated the twenty-
fifth of *June*, 1838, payable one day after date. The defen-
dant objected to the introduction of the note as evidence, but
the Court overruled the objection and received the testimony.
This is the first error complained of.

The variance between the note declared on, and the note
offered in evidence, was material. It is not necessary to
inquire, whether, in an action on a promissory note alleged
to have been made by the defendant on a certain day, proof
may not be adduced to show that he made it on a different
day. However that may be, the plaintiff in the present case
has made the time of payment a material part of the con-
tract. The declaration avers, substantially, that the defen-
dant promised to pay one day after the fifth of *June*, 1839.
The note introduced proved a contract to be performed at a
different time. The time of payment is of the very essence
of a contract, and in all actions on written contracts, the
contract given in evidence must correspond with that stated

May Term, 1840.

in the declaration. *Sheehy* v. *Mandeville*, 7 Cranch, 217. There was, therefore, a material variance between the note declared on and the note offered in evidence, and the proof should have been refused.

On the trial of the cause, the defendant having proved that he was the surety of *Moffitt & Co.*, and that he had given written notice to the plaintiff to sue, the plaintiff offered evidence, amongst other things, to prove the insolvency of *Moffitt & Co.*, to which the defendant objected, but the Court permitted the testimony to be given. By the "act concerning debtors and their securities," approved *Feb.* 17th, 1838, it is the privilege of the surety, if he apprehend the insolvency of the principal, or his removal from the state, to require the creditor, by notice in writing, to commence suit on the demand, and if the creditor shall fail to sue within a reasonable time, the surety shall be discharged. The statute is imperative. It leaves no discretion with the creditor. Whether the principal debtor be insolvent or not, it is the privilege of the surety to require suit to be brought and diligently prosecuted to final judgment, that the ability of the principal to pay may be tested. The statute is a remedial one, and must receive such a construction as will best promote the remedy intended.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issues set aside, with costs. Cause remanded, &c.

*C. B. Smith*, for the appellant.

*J. S. Newman*, for the appellee.