## Dillon and Others *v.* The State Bank of Indiana.

PROMISSORY NOTE—JOINDER OF PARTIES.—The assignee of a promissory note negotiable and payable at a branch of the State Bank, may, by virtue of the statute, join the maker and indorsers of the note in one suit; but he can not so join the maker and part of the indorsers, unless those not joined are dead.

SAME.—Although the declaration in such case show that the maker and part only of the indorsers are sued, it should not, on that account, be demurred to, but the non-joinder should be pleaded in abatement, unless the declaration show that the party omitted is alive.(*a*)

(*a*)See *Bradley* v. *Ward*, *post* 190.

PRACTICE.—If a declaration contain one good count, a demurrer to the whole declaration should be overruled.

ERROR to the *Cass* Circuit Court.

SULLIVAN, J.—The State Bank of *Indiana* brought an action of debt against *Dillon* the maker, and others the indorsers, of a promissory note negotiable and payable at the branch bank of *Fort Wayne.* The declaration describes a note made by *Dillon* and payable to *William Polke,* by *Polke* indorsed and delivered to *H. Lasselle,* jun., by *H. Lasselle,* jun., to *H. Lasselle,*sen., by *H. Lasselle,* sen., to *George Smith,* and by *Smith* to the plaintiff. The suit was founded on the 11th section of the act "relative to practice in the Circuit Courts," approved *February* the 18th, 1839, (Acts of 1839, p. 36), and was commenced against all the parties to said note except *Polke,* who was not joined in the writ.

The declaration contains two counts. The first is special setting forth the note and the indorsements; the second is upon an account stated. *Smith* filed a general demurrer to *the whole declaration; the other dedefendants demurred to the first count and pleaded *nil debent* to the second. The court overruled the demurrers. The issue on the second count was, by the consent of the parties, tried by the Court. Judgment for the plaintiff.

[*6]

The section of the statute on which suit was brought, is as follows:

"It shall be lawful for the holder of any note negotiable by the law-merchant, to institute one suit against all the parties to such note who may be liable at common law to the holder; but no such holder shall be permitted at any term of any Circuit Court to institute more than one suit upon any such note."

The first question that arises in the case is, whether the suit should not have been brought by the holder against all the parties to the note who were living at the time of suit brought; or whether the plaintiff was at liberty to proceed against the maker and part of the indorsers, leaving part unsued.

The statute gives to the holder of such a note as that described in the declaration, a new remedy. By the law-merchant he is permitted to bring separate and simultaneous suits against the maker and indorser, but he can not join them in the same suit. By the statute he possesses a more enlarged remedy, and being statutory it must be pursued. The statute makes it lawful, under certain circumstances, to join different causes of action which before could not be joined, and different parties who, before its passage, could not be united in the same suit, and directs the number that shall be sued, that is, all the parties to the note that are liable to the holder by the common law. Instead of regarding the maker and indorsers of a note as separately liable to the holder, the statute authorizes him to proceed against them as jointly liable, and against whom payment may be enforced by one judgment and one execution   The common law remedy of the holder is not taken away by the statute, but as before remarked a new remedy is given him, which, if he adopts it, must be pursued according to the terms of the statute.   The holder of the note in the present case, having elected to proceed under the statute, has erred in omitting to join *Polke* in the writ.

[*7]       *The next question is, whether the omission is fatal on demurrer. This case may be assimilated to a suit on a joint contract, in which one of the joint contractors is omitted in the writ.   The principle is settled, that if a joint debtor be omitted who ought to have been made a defendant, the omission can only be taken advantage of by plea in abatement, unless the declaration shows that the party omitted is living.   If the declaration shows that fact, the defendant is excused from showing it by plea. *Bovill* v. *Wood*, 2 M. & S., 23 ; *Hawkins* v. *Ramsbottom*, 6 Taunt., 179 ; *Rees* v. *Abbott*, Cowp., 832 ; *Cabell* v. *Vaughan*, 1 Saund. Rep., 291 and notes ; *Rice* v. *Shute*, 5 Burr., 2611. (1)   The declaration in this case shows that *Polke* was a party to the note, but it does not show that he was living at the time suit was brought.   He may have been dead ;

if so, the plaintiff was excused from making him a defendant. If the fact were otherwise, the defendants should have pleaded it in abatement of the writ. The demurrer, therefore, was correctly overruled.(2)

The court did right, also, in overruling the separate demurrer of *Smith*, for the additional reason that there is one count in the declaration which is unexceptionable. *Farnham* v. *Hay*, 3 Blackf., 167.

The Court heard the testimony and decided the issue of fact. No exceptions were taken, nor is any reason shown why the judgment of the Court on that issue should be disturbed.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*W. Wright*, for the plaintiffs.

*C. Fletcher*, *O. Butler*, and *S. Yandes*, for the defendant.

(1.)Accord. *Bragg* v. *Wetzel*, Vol. 5 of these Rep., 95; *Wilson* v. *The State*, *May* term, 1842.

(2)If one of two joint contractors die, the survivor may be sued without making any mention of the deceased party; and the plaintiff may recover, in the same action, a demand for which the defendant was individually liable, and one for which he was liable jointly with his deceased partner, *Richards* v. *Heather*, 1 Barn & Ald., 29. And in declaring on a bill of exchange accepted by the defendants and another person since deceased, it is no variance that the deceased person's name is not mentioned. *Mountstephen* v. *Brooke*, Ib., 224.

But it has been held, in an action of assumpsit brought by a surviving joint contractor, that the fact of his being survivor should be stated in the *declaration; and that, therefore, a count for goods sold by the plaintiff to the defendant, is not supported by proof that the goods were sold by the plaintiff and his deceased partner. *Jell* v. *Douglas*, 4 Barn. & Ald., 374. Vide note 4 to *Cabell* v. *Vaughan*, 1 W. Saund., 291, g, h.