Sullivan, J.
Assumpsit by the assignees against the administrator of the assignor of a promissory note. The declaration contains two counts. The first is special, the second is for money had and received. The first count avers the making of a promissory note by Cheadle and Hand to Lewellan, the defendant’s intestate, and the assignment of it by Lewellan to the plaintiffs; that a suit was commenced by the assignees against the makers, and judgment obtained against Hamd at the March term, 1839, of the Vermillion Circuit Court, being the first term after the assignment, and a return made of “not found” as to Cheadle. The declaration contains an averment also, that Cheadle “had left the country” before the note was assigned. The declaration then states that on the fourth of *135 October, 1839, a ,fi. fa. was issued against the 'goods and chattels, &e., of Hand, which was duly returned nulla bona. There was a general demurrer to the declaration, and judgment for the defendant.
The objection made to the first count is, that it appears from the averments contained in it, that the plaintiffs did not use legal diligence to recover the money from the makers of the note. If this be the fact, and a sufficient excuse be not shown for it, the decisions of this Court heretofore made, settle the point that th.e plaintiffs can not recover. In the case of Hanna v. Pegg, 1 Blackf., 181, which was a suit by the assignee against the assignor of a note like the one in the case before us, not negotiable by the law-merchant, it was said that it might be laid down as a general rule, that it was the duty of the assignee to bring suit against the maker of a note or bond, and proceed in the ordinary course of law for the collection of the debt, except in cases of notorious insolvency, or where some other reason equally strong existed for dispensing with a suit.
In the case under consideration, suit was brought against the makers of the note, and judgment obtained against one of them, Hand, at the first term of the Court after the note was assigned, but execution was not issued against him until more than six months after the rendition of the judgment. The defendant insists that the plaintiffs have not shown a sufficient excuse for not pursuing Qheadle to insolvency, and that the delay in issuing execution against Hand was gross negligence. Without deciding at present whether the plaintiffs have excused themselves for not prosecuting Cheadle to insolvency, we will turn our attention to the delay in issuing execution on the judgment against Hand.
It is said that the assignee of a note, in seeking to recover the amount from the maker, is not bound to run a race against time. This is true, yet he is required to use reasonable diligence in commencing a suit, prosecuting it to final judgment, and in issuing the necessary compulsory process to enforce the collection of the judgment. In regard to the commencement *136 of a suit, it -was decided in Merriman v. Maple, 2 Blackf., 350, that a delay of thirty-two days, without a reason to justify or excuse it, was not consistent with the diligence that the law requires. In that case the writ was returned non est inventus, and it was the return that made it necessary for the plaintiff to show that an earlier proceeding against the maker of the note would have been impracticable or unavailing. Unexplained, it was evidence of a want of legal diligence.
The same may be said, with equal force at least, of delay in issuing execution. The object of a judgment is to obtain execution, and if the writ be deferred a long time after judgment, and then prove unavailing, it is the duty of the plaintiff, to excuse the delay. This point has never been directly decided by this Court, but its analogy to the points that have been decided is obvious. In Kentuelcy, where a statute similar in many respects to our statute exists, it has been decided in a suit between the assignee and the assignor, that a delay to issue execution until four months after judgment was unreasonable, and that it was conclusive against the assignee’s right to recover. The Court said in that case, that the time *lost was more than any prudent man would have indulged in when he believed his debt to be in danger, and savoured too strongly of indulgence graciously given by some understanding between the parties. Trimble v. Webb, 1 Monroe, 100. To the same effect is the case of Smith v. Blunt, 2 Marsh, 522. In considering the statute of Kentucky, and the construction given to it by the Courts of that State, the Supreme Court of the United States have said, that “after judgment there must be the same diligence in pursuing the debtor’s property by execution as in the commencement of the suit.” Bank of U States v. Tyler, 4 Pet., 366, 381.
By our statute, the personal property of a debtor is bound only from the time that execution is delivered to the officer The judgment creates no lien upon it. A delay, therefore, to issue execution enables a debtor to dispose of his personal property, the possibility of which is a reason why execution should be regularly issued.
B. A. Chandler, for the appellants.
B. C. Gregory, for the appellee.
Our conclusion is, that an assignee who delays execution against the original debtor, as was done in .this case, for a period of more than six months after judgment, without accounting for the delay, is guilty of unwarrantable negligence, and has no recourse upon the assignor. The first count in the declaration therefore is bad.
The second count is a common count for money had and received, and is unobjectionable. As there is one good count in the declaration, the Court erred in sustaining the demurrer. 3 Blackf., 167.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.