SullivAN, J.
J.— Assumpsit by the assignee against the assignors of a promissory note. The declaration contained two counts. The first count states that on the 20th of January, 1837, one M. Johnson made her promissory note payable to the defendants by the name of D. Ross and Co., ninety days after date, for the sum of $84.22, and that the defendants on the 24th of November, 1837, assigned the same to the plaintiff, and one Brown since deceased, by the name of Brown and Kelsey ; that on the 1st of December, 1837, Brown and Kelsey, commenced a suit against Johnson on said note before a justice of the peace, and obtained a judgment on the 2d of January, 1838, on which judgment execution was issued on the 6th of *578 January, 1838, and returned nulla bona. It furlher alleges that said Johnson had not on the last-mentioned day, nor at any time since, any goods or chattels, lands or tenements, from which the money could be levied. The second count sets out the making of the note and the assignment as in the first count, and the death of Brown, and then alleges that the maker,. Johnson, was, at the time the note became due, wholly and notoriously insolvent, &o.
The defendaifts demurred to the first count, and pleaded the general issue to the second. The demurrer was sustained, and, upon the trial of the issue on the second count, the plaintiff suffered a nonsuit.
The objection taken to the first count was, that due diligence had not been used by the assignees in prosecuting the maiter of the note to insolvency. The note was assigned on the 24th of November, and on the 1st of December, seven days after the assignment was made, suit was commenced. The delay in commencing the suit is the ground relied on, no objection being made to the prosecution of it with proper diligence, after it was commenced, to judgment and execution. Due diligence isa matter partly.of law and partly of fact. Under some circumstances, a delay of seven days might be considered gross negligence, while in other circumstances it would not be so considered. In the case of Merriman v. Maple, 2 Blackf., 350, the assignee delayed commencing suit, after the note fell due, from the 8th of August until the 19th *of September following. The capias that was then issued was returned non est inventus, which occasioned a continuance and a delay in obtaining final judgment until the March following.- Under those circumstances, negligence was imputed to the assignee ; but if the writ had been served, and the defendant brought into Court at the first term, the assignor, notwithstanding the delay, could not have complained of a want of diligence. This case is referred to to illustrate the remark, that delay in commencing a suit may, under some circumstances, be considered negligent, while under other circumstances it will not. We *579 see nothing in the circumstances of the case under consideration, to justify us in saying that the delay of a week in commencing suit against Johnson. was such a want of reasonable diligence as to be fatal to the plaintiff’s right to recover. Indeed, we think they lead to a different conclusion. The note, at the time of the assignment, was over due more than nine months, and when' it came into the hands of the assignees, it was not unreasonable that they should be allowed a few days to seek payment by other than compulsory means. We are, therefore, of opinion that the Court erred in sustaining the demurrer to the first count.
D. Mace, for the plaintiff.
Z. Baird, for the defendants.
On the trial of the issue on the second count, the Court rejected certain testimony offered by the plaintiff, whereupon he voluntarily suffered a nonsuit. The question arises whether the nonsuit was of the whole action, or 'applied to the second count only. We are of opinion that, under the circumstances of the case, it applied only to the second count. Whether, therefore, the Court erred or not in rejecting the testimony, we will not inquire, as a writ of error will not lie to a voluntary nonsuit.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.