*May Term, 1851.*

OVERTURF
v.
MARTIN.

———

OVERTURF *v.* MARTIN and Others.

If a surety in a promissory note that is due, apprehend the insolvency of the principal, or his removal from the state, he may require the holder of the note, by notice in writing, to sue on it, whether the principal be insolvent or not ; and if the holder fail to sue on the note within a reasonable time after such notice, the surety will be discharged.

That a suit was instituted at the next term after notice given and for some cause dismissed, is no evidence of diligence. The suit should have been properly brought and duly prosecuted.

ERROR to the *Ripley* Circuit Court.

SMITH, J.—This was an action of assumpsit brought in the name of *Overturf* against *George Martin, Elizabeth Martin,* and *Preston Christie.* The declaration alleges that, on the 6th of *August,* 1841, the said *Elizabeth Martin,* being then sole and unmarried, by her then name of

*Wednesday, May 28.*

*Elizabeth Ditch,* and the said *Preston Christie* made their note in writing, of that date, for the payment to the plaintiff of 235 dollars and 33 cents, with ten per cent. interest from date, in twelve months.

*Martin* and wife demurred to the declaration.

*Christie* filed three pleas:

1st. That the note sued on was obtained by fraud;

2d. That the said defendant, *Christie,* signed the note described in the plaintiff's declaration, as the security of the said *Elizabeth Ditch,* she having received the whole of the consideration therefor; and that, on the 27th of *February,* 1845, he caused a written notice to be served on one *John Huckstep,* who then had said note in his possession and under his control, and to whom said *Overturf* had passed said note as guardian of the heirs of *Pinkney Huckstep,* deceased, and who was entitled to collect and receive the money therein mentioned, the said *Overturf* having before that time parted with all the interest therein, requiring the said *John Huckstep* to cause a suit thereon to be instituted immediately; and that the said *John Huckstep* failed and refused to commence a suit on said note in due time, and to prosecute such suit with due diligence;

3d. That said *Elizabeth* was the principal in said note, which was given to said *Overturf* as executor of the estate of *Pinckney Huckstep,* deceased, for money lent her by him as such executor some two years before the date of the note, and without security; that at the time the note was given, said *Overturf* was about to make a final settlement of his accounts as executor, and prevailed on the defendant to become security on said note for said *Elizabeth* in order that he, as executor, might use the note in the settlement of his said accounts, at the same time promising the defendant that he should, in a short time, be released from liability as such security; and that the defendant signed said note for the accommodation of said *Overturf,* without the knowledge of the said *Elizabeth,* and without any consideration.

There were replications in denial of each of these

pleas leading to issues of fact. The demurrer of *Martin*
and wife to the declaration was overruled and judgment
was rendered thereon against them. All the issues of
fact were found by the jury in favor of the defendant,
*Christie*, who recovered a judgment for his costs accord-
ingly, a motion for a new trial made by the plaintiff hav-
ing been overruled.

A bill of exceptions contains the evidence.

It appeared that the note was made to *Overturf* as
executor of *Pinckney Huckstep*, and that upon a final set-
tlement of his accounts, *Overturf* was discharged, and
this note, with other assets of the estate, was, by order of
the Probate Court, delivered to *John Huckstep*, guardian
of the heirs of the testator. *Christie* caused a notice
such as is described in the second plea to be served on
*John Huckstep* on the 27th of *February*, 1845. All the
parties resided in *Ripley* county except Mrs. *Martin* and
her husband, who resided in *Jefferson* county. The first
term of a Circuit Court, held in *Ripley* county after ser-
vice of the notice, commenced in *September*, 1845, but
there was a Circuit Court held in *Jefferson* county at
which suit could have been brought on the fourth *Monday*
of *March*, 1845. The present suit was commenced in the
*Ripley* Circuit Court on the 26th of *December*, 1845.

The plaintiff gave in evidence, on the trial, the record
of a suit commenced in the *Ripley* Circuit Court at the
*September* term, 1845; which suit was founded upon the
same note. It was brought in the name of *John Huckstep*.
There was a demurrer to the declaration which was sus-
tained, and the suit was then dismissed by the plaintiff.

We think, without examining the evidence bearing up-
on the other issues, or the instructions given by the
Court, the facts above stated fully sustain the finding of
the jury on the issue made by the second plea, and the
judgment in favor of *Christie* must, therefore, be right.
It was held in *Reid* v. *Cox*, 5 Blackf. 312, that the statute
on this subject leaves no discretion with the creditor.
Whether the principal debtor be insolvent or not, it is the
privilege of the surety to require suit to be brought and

diligently prosecuted to final judgment, and if a suit is not thus diligently brought and prosecuted after notice given, the surety will be discharged.

In this case nearly a year elapsed after the notice was served before the suit was commenced. It might have been commenced at the *Jefferson* Circuit Court in *March*, 1845; but even if it was not incumbent on the plaintiff to go to the county of *Jefferson* where the principals resided, he should have at least brought suit at the next succeeding term of the Circuit Court in *Ripley* county, which was held in *September* There are numerous cases in which delays of much shorter periods have been held inconsistent with such diligence as the law requires. *Odam* v. *Beard*, 1 Blackf. 191.—*Merriman* v. *Maple*, 2 Blackf. 350.—*Bishop* v. *Yeazle*, 6 Blackf. 127.

That a suit *was* brought at the *September* term of the *Ripley* Circuit Court, and for some cause dismissed is no evidence of diligence. The suit should have been properly brought and duly prosecuted. If the demurrer to the declaration was erroneously sustained by the Court, or if it was sustained for defects which were amendable, the plaintiff had appropriate remedies without dismissing the suit. At all events, the judgment as it stands, is final and conclusive. It cannot be reviewed or questioned in this suit, and it proves nothing more than that an attempt was made to commence a suit, which, from the want of the necessary care or skill on the part of the plaintiff, proved abortive.

Though the note was drawn payable to *Overturf* as executor, and this suit is prosecuted in his name, the notice was properly served on *John Huckstep*, as the notes were entirely under his control. He alone had authority to direct a suit to be commenced, and a notice to *Overturf*, though he technically had the legal title, and it was therefore necessary to use his name as the nominal plaintiff, would have been useless.

*Per Curiam.*—The judgment is affirmed with costs.

*S. C. Stevens*, for the plaintiff.

*P. L. Spooner* and *J. R. Troxall*, for the defendant.