CRAFT, Executor of LOVING, *v.* DODD, Guardian of JAMISON.

Suit upon a promissory note against the executor of a surety. The defendant answered that, on *July* 27, he gave to the holder of said note notice to sue thereon, which he failed to do until *July* 30, and then brought his suit in the Court of Common Pleas, which did not commence its term until *October* 18, and not in the Circuit Court, which begun its term on *August* 9.

*Held*, that as suit was begun in time for service in the Circuit Court, the question does not arise, as to whether the notice was given long enough before the term of that Court, to have made it the duty of the holder to sue therein.

*Held*, also, that it was the duty of the holder to bring his suit in the Court having jurisdiction, the term of which would thereafter first commence.

APPEAL from the *Ohio* Common Pleas.

HANNA, J.—*Dodd* filed a note and complaint against the appellant, who answered that the note was executed by one *French*, as principal, and *Loving*, deceased, as security; that after it became due, to wit, on the 27th day of *July*, 1857, said *Craft*, as executor of said *Loving*, then deceased, notified said *Dodd*, in writing, to sue, &c.; that he did not do so until the 30th of said month, and then brought said suit in the Common Pleas Court, which did not commence its term until *October* 18, and not in the Circuit Court, which commenced on *August* 9.

It is not averred that appellant suffered any injury in consequence of the suit having been brought in the Common Pleas, instead of the Circuit Court.

Appellant contends, that when a surety gives notice, as provided by the statute, that it is the imperative duty of the creditor to sue immediately, in the Court having jurisdiction, the term of which commences at the earliest day. On the other hand, it is insisted that the immediate institution of a suit, in a Court having jurisdiction, is sufficient. The Court sustained a demurrer to the answer. This presents the only point in the case. Whether the notice was a sufficient length of time before the commencement of the term of the Circuit Court, to have made it the duty of the holder of the note to institute a suit, at all, at that term, is not a question in this case, because the answer shows that the suit was begun in time to have been in that Court at that term. The answer also shows, *prima facie*, that in commencing the suit, a proper degree of diligence was exercised as to the time within which that act was performed. The only question then, is, whether the holder of the note had a choice of Courts in which to sue. We are of opinion that as he was, upon the short notice given, prepared to sue, it was his duty to bring that suit in the Court having jurisdiction, the term of which would thereafter first convene. The very purpose for which the notice was given might otherwise be defeated. That notice may have been

Nov. Term, 1860.

intended to enable, perhaps require, the holder of the note, by thus seeking his remedy at the earliest day, to obtain a prior lien upon real estate, by the judgment, or upon personal property, by an execution.    The surety might thus be saved a resort to proceedings to prevent the transfer of the real, or the removal of the personal, estate of his principal.    Whether the plaintiff might have so replied as to have rendered valueless this defense, made by the answer, we need not inquire, as that point is not before us.    What we do decide is, that the answer made a *prima facie* case for the defendant, and, therefore, the demurrer should have been overruled.    See 6 Blackf. 536; 7 *id.* 288; 2 *id.* 350; 8 *id.* 386; 6 *id.* 537; 2 Ind. 56.

*Per Curiam.*—The judgment is reversed, with costs.    Cause remanded, &c.

A. C. and H. A. *Downey*, for appellant.

W. S. *Holman*, for appellee.

(1.) By counsel for appellant: The creditor is bound to sue without reference to the solvency or insolvency of the principal.    2 R. S., §§ 672, 673 p. 186; *id.* § 680, p. 188; *Reid* v. *Cox*, 5 Blackf. 312; *Overturf* v. *Martin*, 2 Ind. 507.