## WHITTLESEY v. HEBERER.

PRINCIPAL AND SURETY.—To an action on a joint and several promissory note, the defendant answered, that he signed it as surety of B. who had since died, leaving an ample estate for the payment of all his debts; that defendant had notified the payee in writing to institute an action upon the note; but that he had negligently failed to bring suit on said note against the estate of B. and had made no effort to collect it from said estate.

Held, that the answer was bad. Conceding, without deciding, that a surety could require the creditor to proceed against the estate of a deceased principal, the answer should have shown that the estate was situated in this State, and that administration had been had upon such estate.

PRESUMPTION.—It may be presumed, where the contrary does not appear, that a contract sued on in this State was made here, but there is no presumption that a deceased person died in this State, or that his estate is within its jurisdiction.

From the Marion Superior Court.

*S. R. Downey*, for appellant.

*M. G. McLain* and *J. P Baker*, for appellee.

WORDEN, J.—Action by the appellee against the appellant on a joint and several promissory note, payable to the plaintiff and executed by the defendant and one H. W. Bippus, the death of Bippus being averred. Judgment for the plaintiff. The defendant answered as follows:

" Second. For further answer, the defendant says that the note sued on was executed by Henry W. Bippus as principal, and that this defendant, at the request of Bippus, signed the same as his surety, and not otherwise ; that no part of the consideration thereof was received by him; that the said Henry W. Bippus has since died, leaving an ample estate for the payment of all his debts; that the plaintiff negligently delayed the collection of said note, and by his own want of diligence has so far failed to take the necessary steps to make his claim of the assets of said estate; that on the 29th day of August, 1873, the defendant, by notice in writing, required the plaintiff to forthwith institute an action upon said note; but he says that he did not proceed immediately to bring his action upon

said note against the estate of said Bippus, and prosecute the same to judgment and execution; and further, that he has not since instituted proceedings against said estate or made any proper effort to collect said note of said estate; wherefore," etc.

A demurrer for want of sufficient facts was sustained to this paragraph of the answer, and the defendant excepted. This ruling presents the only question for consideration here.

We are of opinion that the ruling was correct. We have the following statutory provision, 2 G. & H. 306:

"Sec. 672. Any person bound as surety upon any contract in writing for the payment of money, or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract.

"Sec. 673. If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

There are other provisions of the statute requiring that when judgment is rendered against principals and sureties, the question of suretyship being settled, the execution shall be levied upon the property of the principal before that of the surety. The evident purpose of the provision authorizing the surety to give the creditor notice to sue was, that the debt might be made of the principal while he was solvent and able to pay, and the surety thereby saved from loss on account of his suretyship.

We need not decide in this case whether a creditor would in any case, upon notice from the surety, be required to pursue the estate of a deceased principal, in order to preserve the liability of the surety. But conceding, without deciding, that in a proper case he would be required to do so, still the paragraph of answer in question is defective. The creditor could not be required to go out of the State to sue the principal. *Rowe* v. *Buchtel*, 13 Ind. 381.

It appears from the answer that Bippus left an estate suffi-

cient for the payment of all his debts. But it does not appear where he died, or where that estate is situate. It may be presumed, when a contract is sued upon in this State, that it was made in this State, the contrary not appearing. But there is no presumption arising from the fact that a man is dead, that he died in this State. It does not appear that Bippus ever lived in the State, and there is no presumption that he died here. Nor is there any presumption that his estate or any part of it is situate here.

Again, it does not appear from the answer, even if we were to presume that Bippus died and left an estate in Indiana, that administration has been had upon his estate. Until an executor or administrator was appointed, the plaintiff could not well proceed against the estate, unless he took the administration upon himself, which we think he was not required to do. There is not enough alleged in the answer to show that the plaintiff was guilty of any dereliction in not proceeding against the estate of Bippus.

The judgment below is affirmed, with costs.