## CONKLIN v. CONKLIN.

PRINCIPAL AND SURETY.—*Notice to Sue Non-Resident Principal.—Discharge of Surety.—Estoppel.*—The surety upon a contract for the payment of money, made in this state, is not discharged because of the failure of the payee thereof, on notice in writing by such surety, to sue the principal therein, where the latter has not resided in this state since the service of such notice. And the naked promise by the payee, at the time of such service of notice, to bring such suit, and his failure to do so, do not estop him from suing such surety.

SAME.—*Evidence.—Suit Against Surety.*—Such surety is not discharged by by the failure of such payee, on such notice, to bring suit upon such contract in another state, where such non-resident principal has and has had property, out of which the amount of such debt might have been made;

Conklin *v.* Conklin.

and, on trial of a suit against such surety, evidence can not be given as to the principal's having such property in another state.

CONTRACT.—*Place where Executed.—Residence of Contracting Parties.*—Where a contract is made in this state, such contract, when sued upon in a court of this state, is governed by the law of this state, without regard to the residence of the parties to such contract.

From the Wayne Circuit Court.

*J. Yaryan, J. L. Yaryan, G. Holland* and *C. C. Binkley,* for appellant.

*D. M. Bradbury, C. Ballenger* and *H. C. Fox,* for appellee.

WORDEN, C. J.—This was an action by the appellee, Jeremiah C. Conklin, against John N. Conklin and Henry M. Conklin, on two promissory notes, executed by the defendants to the plaintiff. One of the notes was as follows:

"$1,000.        CAMBRIDGE CITY, March 12th, 1867.

"One day after date we promise to pay to the order of J. C. Conklin, one thousand dollars, value received, without any relief from valuation or appraisement laws of the State of Indiana, with interest at ten per cent. per annum after maturity.        (Signed)

"H. M. CONKLIN.
"J. N. CONKLIN."

The other note was similar, and for the same amount, but dated May 24th, 1867.

Process was returned "not found," as to Henry M., and the cause proceeded alone against John N., the appellant herein.

The appellant answered in several paragraphs. Issue, trial by the court, special finding of the facts by the court, and conclusions of law thereon, and judgment for the plaintiff, over a motion for a new trial.

It is claimed that the court erred in the conclusions of law from the facts found. The court found the making of the notes at Cambridge City, Indiana, and,

"3d. That said notes were executed by said defend-

ant, John N. Conklin, as surety for Henry M. Conklin, of which fact the said plaintiff was, at the date of the execution, and until subsequently notified by John N. Conklin, ignorant.

"4th. That on the 22d day of March, 1870, said defendant, John N. Conklin, notified said plaintiff in writing, that he was the surety of said Henry M. Conklin on said notes, and that he should proceed at once to collect said notes, or consider said defendant released from liability thereon.

"5th. That at the date of the service of said notice, and thenceforward until the commencement of this suit, said Henry M. Conklin was a non-resident of the state of Indiana.

"6th. That there is due on said notes the sum of two thousand four hundred and eighty-one dollars and twenty-five cents."

As conclusions of law, the court stated, in substance, that the defendant, John N. Conklin, was liable to the plaintiff for the amount due on the notes, and that he was not discharged by the failure of the plaintiff to bring suit sooner, as the plaintiff was not obliged to go out of the state to sue the principal.

We have the following statutory provisions on the subject. 2 R. S. 1876, p. 276:

"Sec. 672. Any person bound as surety upon any contract in writing for the payment of money, or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract."

"Sec. 673. If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

No question is made by counsel whether the statute is

applicable to a case like the present, where there is noth-
ing on the face of the note to indicate that one of the
makers is surety for the other, and where the payee con-
tracts with them as principals, not knowing the relation-
ship of principal and surety that exists between them as
between themselves. We make no question and decide
nothing upon this point.

This action does not appear to have been brought until
April, 1873, more than three years from the time the
notice to sue was given, the delay being abundantly suf-
ficient to discharge the defendant as surety, if the plain-
tiff was bound to go out of the state and into another
jurisdiction to sue the principal. The defendant can not
complain that he himself was not sued sooner. In *Rowe*
v. *Buchtel*, 13 Ind. 381, it was held that the payee of a
note was not bound, upon notice, to follow the principal
out of the state. This doctrine was acted upon again in
*Whittlesey* v. *Heberer*, 48 Ind. 260.

We are asked to reconsider and change this rule. We
decline to change the rule because, first, it would injuri-
ously affect rights supposed to have been protected under
the rule; and second, because we are of opinion that the
rule is well founded in principle. When the legislature
authorized notice to be given to the creditor "forthwith
to institute an action," we must suppose they had refer-
ence to an action in the proper courts of the state, and
not in any other jurisdiction. If the creditor were bound
to go into an adjoining state to sue the principal, he would
be bound to go into any of the other states, however
remote, wherever he could find him. If the creditor
were bound to go out the state, it would be difficult to
define a boundary beyond which he would not be required
to go. Under such a construction, we see no ground on
which the courts could say that the creditor would not be
bound to follow the principal into any foreign country,
wherever an action could be instituted against him;
"from Dan even to Beersheba;" from the Occident to the

Orient. Besides this, wherever the common law prevails unmodified by statute, a judgment against one of several joint debtors merges the cause of action, and the others can not be afterwards sued. *Archer* v. *Heiman*, 21 Ind., 29; *Erwin* v. *Scotten*, 40 Ind., 389. Therefore if the creditor were to follow the principal into another jurisdiction and there obtain a several judgment against him, the judgment might bar an action against the surety, though the principal were utterly insolvent and the judgment never paid.

We are of opinion that the court did not err in the conclusions of law.

But it is urged that, as the evidence shows that the plaintiff was, at the time of the execution of the notes, and ever since has been a resident of another state, viz., Iowa, the rule thus established should not apply to the case. We do not perceive that the residence of the plaintiff has any thing to do with the question. The contracts were Indiana contracts and governed by the Indiana law, wherever the parties to them might reside.

On the trial, the defendant offered evidence tending to show that, at the time the notice to sue was served on the plaintiff, the principal in the note, Henry M. Conklin, had property in Chicago, out of which the claims could have been made. This evidence was excluded as irrelevant. In this there was no error. If the plaintiff was not bound to go into Illinois to sue the principal, it was not material whether the latter had property in that state or not.

It was proved that when the notice to sue was served on the plaintiff, he said to the person serving it, "tell Newton that will be all right." This, it is claimed, works an estoppel. We see none of the elements of an estoppel in the case. It does not appear that the defendant did any thing, or parted with any thing, or in any manner changed his situation, in consequence of the message thus sent to him. The most that can be said said of the

message is, that by it the plaintiff meant to give the defendant to understand that he would comply with the notice by bringing suit. But as he was not bound to bring an action out of the state, the message which he sent to the defendant did not bind him to do it. We do not see how the defendant was in any manner injured by the message.

We may remark, in conclusion, that the rule which makes it unnecessary for the creditor to go out of the state to sue the principal, on notice from the surety, works no hardship upon the surety. The latter may at once pay the debt, and follow his principal wherever he may go, and enforce his remedy against him. There is no error in the record.

The judgment below is affirmed, with costs.