Filed June 27, 1884.

---

No. 11,451.

## MARTIN ET AL. *v.* ORR ET AL.

SUPREME COURT.—*Waiver of Defect of Parties.*—The submission of a cause by agreement in the Supreme Court is a waiver of a defect of parties to the appeal.

EXECUTION.—*Leave to Issue.—Demurrer.*—An application for leave to issue execution under section 675, R. S. 1881, made by another than the plaintiff, is sufficient on demurrer, if it state that the applicant owns the judgment without stating the facts showing such ownership.

SAME.—*Principal and Surety.—Discharge of Surety.—Notice to Sue.—Failure to Issue Execution.*—Where a surety by notice requires the creditor to sue, according to section 1210, R. S. 1881, a failure to issue execution within a reasonable time after judgment, discharges the surety giving the notice, but not a co-surety not giving notice.

From the Fountain Circuit Court.

*T. F. Davidson, L. Nebeker, H. H. Dochterman* and *J. E. Schoonover,* for appellants.

*J. McCabe, L. P. Miller* and *C. M. McCabe,* for appellees.

HAMMOND, J.—This was a proceeding by the appellees to revive a judgment rendered in the court below in favor of John M. Carnahan, as guardian of one of the appellees, and another, against the appellants and three others. The appellants have each assigned separate errors. There was a submission of the cause in this court by agreement on January 30th, 1884. No brief having been filed by the appellant Alexander Whitchall, the appeal as to him, on the appellees' motion, is dismissed under Rule 14 of this court.

The appellees also move to dismiss the appeal as to the other appellants, on the ground that they have not, as required by section 635, R. S. 1881, given notice of the appeal to their co-parties. But this motion, made after the agreement to submit, comes too late and must be overruled. *People's Savings Bank, etc.,* v. *Finney,* 63 Ind. 460; *Field* v. *Burton,* 71 Ind. 380; *Easter* v. *Severin,* 78 Ind. 540; *Hendricks* v. *Frank,* 86 Ind. 278. It is insisted by counsel for the appellees that the rule announced in the foregoing cases should not apply to the present, inasmuch as the agreement to submit was signed before the filing of the transcript. But it was filed with the transcript, and with it becomes a part of the record of the case. It is not shown that the appellees were induced to enter into the agreement for the submission under any mistake, or by reason of any promise of the appellants as to service on their co-parties. No showing is made, in fact, which should relieve the case from the well established rule that an agreement of submission is a waiver in this court of a defect of parties.

Martin *et al. v.* Orr *et al.*

The appellants James Martin and Edward Cochran demurred severally to the complaint. Their demurrers were overruled, and they answered separately. Martin's answer was in two paragraphs; Cochran's in one; and to each of these the appellees' demurrers for want of facts were sustained. Judgment was rendered for the appellees, granting them leave to take out execution upon the judgment mentioned in their complaint. Errors are assigned by the appellants on the decisions of the trial court in overruling their demurrers to the complaint, and in sustaining the appellees' demurrers to their answers.

The appellees are Robert E., J. Wilbur and John C. Orr. Their complaint states, substantially, the following facts: That on September 26th, 1877, John M. Carnahan, as guardian of said Robert E., and also of one Lawrence F. Orr, recovered judgment in the court below against one Franklin Yerkes, the appellants, and others who are named, in the sum of $694; that the judgment is wholly unpaid and remains in full force; that after its rendition said wards arrived at age, and their guardian, said Carnahan, settled with them in full; that said Lawrence F. afterwards died intestate, leaving surviving him said appellees as his only heirs; that his estate was fully administered and settled; and that the appellees are the owners of said judgment. There was prayer for leave to issue an execution and for general relief.

Carnahan was made a party defendant to answer as to his interest in the judgment. He answered admitting the facts stated in the complaint and consenting for execution to issue in favor of the appellees.

The objection made to the complaint by the appellants is, that facts are not stated showing how the appellees became the owners of the judgment. The averments of the complaint that the judgment was rendered in favor of a person who was the guardian of one of the appellees, and also the guardian of another person, since deceased, whose estate has been settled and of whom the appellees are the only heirs,

and that the appellees are the owners of the judgment, suffi-
ciently show their title to it to make the complaint good on de-
murrer. If the appellants desired a more specific statement
of the facts upon which the appellees relied for ownership of
the judgment, a motion therefor should have been made.
Mere uncertainty in a pleading is not reached by demurrer.
*Continental Life Ins. Co.* v. *Houser*, 89 Ind. 258.

Both paragraphs of Martin's answer were substantially the
same. The averments in each were to the effect that the
judgment referred to was rendered upon a promissory note
executed by Franklin Yerkes as principal, and Martin and
others as sureties; that after the maturity of the note, Mar-
tin gave and served upon Carnahan a written notice forth-
with to institute an action upon said note against the makers
thereof; that in a suit afterwards commenced, judgment was
rendered on said note, on September 26th, 1877, but that
Carnahan did not take out execution upon said judgment
within a reasonable time thereafter, but delayed taking out
such execution until November 17th, 1877. It is further
averred that afterwards, in May, 1883, in a proceeding by
Martin against Yerkes, it was adjudged by the court below
that the former was the surety of the latter in said judgment.

A surety, bound in writing for the payment of money or
the performance of any contract, may, when the right of ac-
tion accrues, require by notice in writing the creditor or
obligee forthwith to institute an action upon the contract.
And if the creditor or obligee does not within a reasonable
time after such notice, bring his action upon such contract
and prosecute the same to judgment and execution, the surety
will be discharged from all liability. Sections 1210 and
1211, R. S. 1881. Each paragraph of Martin's answer al-
leged that he was surety on the note on which the judgment
was rendered; that he gave the creditor notice as required
by the statute; and that the creditor after prosecuting his ac-
tion to judgment did not take out an execution for fifty-two
days thereafter. Many decisions of this court make it obvi-

ous that the delay in taking out execution after the rendition of the judgment was unreasonable. *Merriman* v. *Maple*, 2 Blackf. 350; *Reid* v. *Cox*, 5 Blackf. 312; *Bishop* v. *Yeazle*, 6 Blackf. 127; *Overturf* v. *Martin*, 2 Ind. 507; *Craft* v. *Dodd*, 15 Ind. 380; *Halstead* v. *Brown*, 17 Ind. 202; *Root* v. *Dill*, 38 Ind. 169; *Whittlesey* v. *Heberer*, 48 Ind. 260; *Willson* v. *Binford*, 54 Ind. 569; *McCoy* v. *Lockwood*, 71 Ind. 319.

The appellees urge that Carnahan was excused from taking out execution sooner than he did as the question of Martin's suretyship was not judicially determined for several years after the rendition of the judgment. We are of the opinion, however, that this was no excuse for the delay. The fact of the suretyship is averred to have been known to Carnahan, the judgment plaintiff. Sections 1210 and 1211, *supra*, relate to the rights of the surety with respect to the creditor. Sections 1212 and 1213, R. S. 1881, in regard to trying and determining the question of suretyship, relate to the rights of the surety with respect to his principal. A compliance with said section 1212 is not essential to the protection of the surety's rights under said sections 1210 and 1211. Each paragraph of Martin's answer was sufficient, and there was error in sustaining the demurrer to it.

The appellant Edward Cochran, in his answer, also relied upon his being surety upon the note on which the judgment was rendered, and in the delay of Carnahan to take out execution. He did not claim, however, that he gave Carnahan written notice forthwith to institute an action upon the note, but relied upon the notice given by Martin. This notice could not operate in Cochran's favor, and while an unreasonable delay in bringing suit or taking out execution would have discharged Martin from all liability on the note and judgment, it could not have that effect as to Cochran. This precise question was fully discussed, and the point now considered was decided against Cochran, in the recent case of *Cochran* v. *Orr*, 94 Ind. 433.

The judgment of the court below is affirmed, with costs,

in favor of the appellees as to the appellant Cochran, and is reversed, at appellees' costs, as to the appellant Martin, with instructions to the court below to overrule the appellees' demurrer to each paragraph of Martin's answer.

Filed June 27, 1884.