# APPELLATE COURT

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1890, IN THE SEVENTY-FIFTH YEAR OF THE STATE.

---

No. 11.

### HAMRICK v. BARNETT.

PROMISSORY NOTE.—*Release of Surety.*—One of two makers of a joint and several promissory note, governed by the law merchant, who is, in fact, a surety upon the note, but whose suretyship is not indicated in any way in the note, may avail himself of the statutory provisions, and by giving notice in accordance with section 1210, R. S. 1881, procure his discharge from liability on the note, if the holder thereof, to whom the note has been given, fail to proceed within a reasonable time to bring his action thereon.

SAME.—*Notice to Sue.*—*Reasonable Time.*—Where the surety on a note gave proper notice to the payee, March 31, to sue thereon, the surety and the payee being residents of Hendricks county, and the principal debtor being a resident of Jefferson county, an action instituted on April 2d in the circuit court of Hendricks county, which did not commence its term until June 4th, was not brought within a reasonable time after the notice, it appearing that suit might have been brought in the circuit court of Jefferson county during a term pending when the notice was given.

From the Hendricks Circuit Court.

*J. A. Downard, J. O. Parker* and *T. J. Cofer,* for appellant.

*L. A. Barnett* and *J. T. Barnett,* for appellee.

BLACK, C. J.—The appellant was the plaintiff in an action against Martin A. Barnett and the appellee, John T. Barnett, on a joint and several promissory note governed by the law merchant, of which the defendants were the makers and the appellant was the payee, dated June 2d, 1886, and payable one day after date. Judgment by default was taken against Martin A. Barnett.

Upon the trial of an issue formed between the appellant and the appellee there was a finding for the latter. From the judgment rendered on this finding this appeal was taken.

Section 1210, R. S. 1881, provides: "Any person bound as surety upon any contract in writing for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract."

The next section provides: "If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

The appellant presents the question whether one of two makers of a joint and several promissory note, governed by the law merchant, who is in fact a surety upon the note for the other maker, but whose suretyship is not in any way indicated in the note, may avail himself of these statutory provisions, and by giving notice in accordance with section 1210 procure his discharge from liability on the note, if the holder thereof, to whom the notice has been given, fail to proceed within a reasonable time to bring his action thereon.

The appellant contends that to allow the surety in such case to avail himself of the provisions of the statute would be to permit a contract in writing to be varied and contradicted by parol evidence of a contemporaneous agreement. He lays stress upon the words " bound as surety," in the statute, and insists that only sureties whose suretyship is shown

upon the face of the contract can avail themselves of the statute.

Upon the authority of *McCoy* v. *Lockwood*, 71 Ind. 319, this question must be determined against the appellant. See, also, *Meriden Silver Plate Co.* v. *Flory*, 44 Ohio St. 430.

We are next required to decide whether the appellant, upon receipt of notice from the appellee, exercised due diligence, and proceeded within a reasonable time to bring his action upon the note.

The appellant and the appellee were residents of Hendricks county, Indiana, where the note was made. Martin A. Barnett, the principal, resided in Jefferson county, Indiana. The notice was given on the 31st of March, 1888, and was as follows:

" To William F. Hamrick. Sir: You are hereby notified to institute suit forthwith on the note which you hold, executed to you by Martin A. Barnett, who is principal thereon, and by myself as his surety, said note being for the sum of $395, being the only note you hold against Martin A. Barnett and myself; and also, that the circuit court is now in session in Jefferson county, Indiana, where said Martin A. Barnett resides, and will continue in session for three weeks after this date.

" March 31st, 1888. JOHN T. BARNETT."

This action was commenced on the 2d of April, 1888, and summons therein was served on said Martin A. Barnett, in Jefferson county, on the 5th of April, 1888, having come to the hands of the sheriff of that county on the 3d day of the same month.

The first term of the court below, at which suit could be prosecuted after the giving of said notice, being the term to which the defendants were summoned, commenced on the 4th of June, 1888.

The court, it is stated in the bill of exceptions, took judicial knowledge that the circuit court was in session in Jefferson county on the 31st of March, 1888, and continued in ses-

sion three weeks thereafter. The appellant has made no objection to this ruling, but has acquiesced therein.

The action might have been brought in the Jefferson Circuit Court, a separate summons being issued for the appellee to Hendricks county. Section 312, R. S. 1881.

The provisions of the statute relating to sureties under consideration are remedial, and they should be liberally construed for the benefit of the surety. *Reid* v. *Cox*, 5 Blackf. 312; *Franklin* v. *Franklin*, 71 Ind. 573; *Daily* v. *Robinson*, 86 Ind. 382.

The right of the surety, who has complied with the statute, is unqualified. The question of the solvency or insolvency of the principal is of no importance. *Reid* v. *Cox, supra ; Overturf* v. *Martin*, 2 Ind. 507 ; *Meriden Silver Plate Co.* v. *Flory, supra.*

When the principal debtor does not reside in this State, the surety, upon such notice, can not require the creditor to follow the principal out of the State. In such case the surety can not avail himself of the benefit of this statute. *Rowe* v. *Buchtel*, 13 Ind. 381 ; *Whittlesey* v. *Heberer*, 48 Ind. 260; *Conklin* v. *Conklin*, 54 Ind. 289. In the case last cited it is said : " When the Legislature authorized notice to be given to the creditor ' forthwith to institute an action,' we must suppose they had reference to an action in the proper courts of the State, and not in any other jurisdiction."

In *Franklin* v. *Franklin, supra,* objection was expressed by the court to an answer of the surety on the ground that it did not show that the principal ever lived in the State, or could have been sued in any of the courts thereof.

In *Craft* v. *Dodd*, 15 Ind. 380, the creditor, upon notice under the statute, brought suit in July, in the court of common pleas, the first subsequent term of which commenced in the following October, the notice having been received and the suit having been commenced in time to permit suit to be brought in the circuit court, the next term of which commenced in August. There was no improper delay in

commencing a suit if, in view of the dates of commencement of the terms of the several courts the suit was brought in the proper court. It was held to be the duty of the creditor " to bring that suit in the court having jurisdiction, the term of which would thereafter first convene." "The very purpose for which the notice was given," it was said, "might otherwise be defeated."

In *Overturf* v. *Martin, supra,* under a similar statute, the surety on a note gave proper notice to the holder in February, 1845, to cause suit to be brought, the surety and the holder being residents of Ripley county, and the principal debtor being a resident of Jefferson county. Suit might have been brought in the circuit court in Jefferson county in March, 1845. The first term of a circuit court in Ripley county, after service of the notice, commenced in September, 1845, and suit was brought at that term ; but that suit was dismissed and another suit was commenced in the same court in December, 1845. It was held that there was not proper diligence. It was not necessary to decide whether the institution of suit at the first term of the circuit court in Ripley county would have constituted a bringing of the action within a reasonable time, taking into consideration the opportunity for an earlier suit in Jefferson county, as the failure to diligently prosecute a suit, though commenced in proper time, was sufficient to discharge the surety. The court said the suit " might have been commenced at the Jefferson Circuit Court in March, 1845 ; but even if it was not incumbent on the plaintiff to go to the county of Jefferson, where the principals resided, he should have, at least, brought suit at the next succeeding term of the circuit court in Ripley county. * * * The suit should have been properly brought and duly prosecuted."

Under the statute (section 516, R. S. 1881) in force when the notice to sue was given by the appellee to the appellant, the plaintiff filing a complaint before or during the term might cause a day for the appearance of the defendant dur-

ing the term to be stated in the summons, and if such summons were personally served ten days before the day so stated, the action would stand for issue and trial at such term, and the court would have jurisdiction to hear and determine the action as if summons had been served ten days before the first day of the term.

In determining whether the creditor proceeded within a reasonable time, his ability thus to bring in the defendants and prosecute his cause during a term pending at the commencement of his action must be considered.

We think the appellant was required, under the notice given him, to sue in the Jefferson Circuit Court, not because the principal debtor resided in that county, but because, under the circumstances, his failure to do so was a failure to proceed, within a reasonable time, to bring his action upon the note, as contemplated by the statute.

The judgment is affirmed, with costs.

Filed March 31, 1891.