Bragg
v.
Wetzel.

*Wednesday,*
*May 22.*

---

Bragg *v.* Wetzel.

The declaration in a suit against *A.* for money lent, showed that the contract was entered into with the plaintiff by *A.* and *B.* jointly, and that both the debtors were still living. *Held*, that, in such case, the suit might be dismissed on motion for the non-joinder of *B.* as a defendant; or that the objection might be made in arrest of judgment, or assigned for error.

ERROR to the *Union* Circuit Court.

Blackford, J.—This was an action of debt for money lent, brought by *Zacheus Wetzel* against *Wilson Bragg*. The suit originated before a justice of the peace. The justice gave judgment for the plaintiff, and the defendant appealed.

In the Circuit Court, the defendant moved to dismiss the cause, on the ground that one *Smith* ought to have been joined as a defendant in the suit. The motion was overruled. The cause was submitted to the Court, and a judgment rendered for the plaintiff.

The writ issued against *Bragg* alone. The declaration is as follows:—" The plaintiff complains of *Wilson Bragg*

*Wednesday,*
*May 22.*

May Term,
1839.

Bragg
v.
Wetzel.

and *Seneca Smith*, partners, trading under the firm of *Bragg & Smith*, of a plea that they render unto him one hundred dollars, which to him they owe, and from him unjustly detain; for that whereas the defendants, heretofore, to wit, on the 27th of *June*, 1837, at, &c. were justly indebted to the plaintiff in the sum of one hundred dollars, for so much money lent to the defendants by the plaintiff, and at their special instance and request; yet the defendants, though often requested, have not, nor has either of them, paid the said sum of money or any part thereof to the plaintiff; but to pay the same and every part thereof, the defendants have at all times refused, and still do refuse, to the damage," &c.

The plaintiff here shows by his declaration, that *Smith*, who is not sued, is a joint party to the contract with the defendant, and that *Smith* is living. It is impossible, under these circumstances, that the plaintiff can recover. It is true, that since the case of *Rice* v. *Shute*, 5 Burrow, 2611, the facts that there is a joint contractor not sued, and that he is alive, are generally required to be pleaded in abatement; but that rule has no application to cases like the one before us. Here the plaintiff, in his declaration, admits those facts, and shows that he has no right to sue the defendant alone. The suit should have been dismissed. The non-joinder, in such a case as this, may be taken advantage of on a motion in arrest of judgment; 1 Saund. 291, b, note 4; or it may be assigned for error. 1 Chitty's Plead. 53 (1).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the motion to dismiss the cause set aside, with costs. Cause remanded, &c.

*J. S. Newman* and *C. B. Smith*, for the plaintiff.

*J. Perry* for the defendant.

(1) Vide *Dillon* v. *The State Bank*, Vol. 6 of these Rep. 5, and note (2).— *Wilson* v. *The State, Idem*, 212, and note (2).