These cases leave no doubt that the appellee, in this case, had the right to foreclose as he did.

————•◦◦•————

## ST. JOHN *v.* HARDWICK.

Where the assignor of a promissory note, by sale and delivery without indorsement in writing, is deceased, a complaint upon it by the assignee must make his personal representative a party, or show that there is no such representative.

APPEAL from the *Hendricks* Circuit Court.

DAVISON, J.—The complaint in this case charges that *St. John*, on the 25th of *April*, 1856, by his note, eight

Nov. Term,
1858.

ST. JOHN
v.
HARDWICK.

*Friday,*
*December 3.*

Nov. Term,
1858.

St. John
v.
Hardwick.

months after the date thereof, promised to pay one *Johnson A. Hayton,* then in life, but now deceased, 100 dollars, without relief, &c., which note was afterwards, and before *Hayton's* death, sold and delivered by him, without assignment in writing, to *Hardwick,* who was the plaintiff. It is averred that *Hayton,* when he died, had no interest in the note; and his death is alleged as an excuse for not making him a party to this suit.

The defendant demurred to the complaint, but his demurrer was overruled; and there being issues of fact, the cause was submitted to the Court, who found for the plaintiff.

Motion in arrest denied, and judgment, &c.

The demurrer assumes that the complaint is defective, because it does not make the administrator of *Hayton* a party, nor show that there was no personal representative.

We have a statute which says: " When any action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant to answer as to the assignment, or his interest in the subject of the action." 2 R. S. p. 28, § 6. The assignor of the note, had he been in life when this suit was instituted, would have been a necessary party; because the rule of practice to which we have referred, affirmatively required that he should be made a defendant. And it seems to follow, the assignor being dead, that it is equally necessary to a complete determination of the controversy, that his personal representative should be a party. 2 R. S. p. 32, § 22. The statute in effect concedes that such assignor may have an interest in the note adverse to that of the assignee; and it is evident that that interest, whatever it may be, upon his death, passes, by operation of law, to his personal representative; hence, it seems to us that no suit can be regularly maintained against the maker of the note until such personal representative, if there is one, be notified of its pendency in some mode known to the law. We think the objection to the complaint is well taken. 4 Blackf. 279.—8 *id.* 508.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*H. C. Newcomb, J. S. Harvey, J. S. Tarkington,* and *J. S. Miller,* for the appellant.

*C. C. Nave,* for the appellee.