*J. S. Scobey*, for appellants.

*B. W. Wilson*, for appellees.

*Nov. Term.*
*1860.*

ALEXANDER
v.
GAAR.

---

ALEXANDER *v.* GAAR and Others.

It is incumbent on the pleader to show, on the face of his complaint, that he has joined the proper parties to the action.

Nov. Term, 1860.

ALEXANDER
v.
GAAR.

In a suit by an assignee of a promissory note, it must be shown in the complaint, whether the assignment was by indorsement in writing or by delivery only; and if by the latter method, the assignor must be made a defendant.

In an action for money received by one for the use of another, it is not necessary for the plaintiff to aver, in terms, that he is the legal owner of the money; it is sufficient if he avers, that the defendant is indebted to him for money received to his use.

If a demurrer is directed to the whole complaint, and there is one good paragraph, the demurrer should be overruled.

When a defect of parties appears on the face of the complaint, the objection must be taken by demurrer, and not by answer.

If the grounds of objection to the admission of evidence are not presented to the Court below, the objection will not be available in this Court.

*Wednesday, November* 28.

APPEAL from the *Johnson* Common Pleas.

DAVISON, J.—This was an action by the appellees, who were the plaintiffs, against *David Alexander*, to recover money collected by him, and alleged to be in his hands, for their use. The complaint contains two paragraphs. The first alleges that on *March* 13, 1858, one *Abram King* left, with the defendant, for collection, a note in his favor, and against *George Cutsinger* and *Peter Keck*, for $217, with a credit thereon of $108; that afterward *King* assigned the note to *Henry Patterson*, who assigned it to the plaintiffs, and delivered to them a receipt for the note given by the defendant to the said *King*. It is averred that defendant collected the amount due on the note, and that the plaintiffs have demanded of him the proceeds thereof; but he has refused to pay, &c. The second paragraph charges that the defendant is indebted to the plaintiffs $150, for moneys collected by him, and in his hands, for their use; that they have specially demanded of him the moneys so collected, but he has refused payment, &c. Defendant demurred to the complaint on two grounds.

1. " It does not state facts sufficient to constitute a cause of action." 2. " There is a defect of parties, in this, that *King* and *Patterson* should have been made defendants to answer as to the assignment of the note, and their interest in the cause of action." The demurrer was overruled, and he excepted. The code provides, that " All promissory notes shall be negotiable by indorsement thereon." 1 R. S., § 1, p. 378. And that,

"When any action is brought by the assignee of a claim aris-
ing out of contract, and not assigned by indorsement in writ-
ing, the assignor shall be made a defendant to answer as to
the assignment," &c. 2 R. S., § 6, p. 28. The first paragraph
is, it seems to us, defective. It avers that *King* assigned the
note; but fails to show whether the assignment was or not
by indorsement. Evidently, it was incumbent on the pleader
to show, on the face of his complaint, the proper parties to
the action. In this instance, that could not be done, unless
the character of the assignment was distinctly shown; because,
to constitute an assignment, it must be by indorsement, or by
delivery of the instrument to the assignee. If it is delivered
without indorsement, "the assignor must be made a party."
But we perceive no valid objection to the second paragraph.
The allegation that defendant had collected money for the use
of the plaintiffs, which, on demand, he refused to pay, "con-
stitutes a sufficient cause of action." It was not necessary,
as contended, for the plaintiffs to allege, in terms, that they
were the legal owners of the money collected. The aver-
ment that the defendant "was indebted to them" is sufficient.
If this averment be true, the money collected must have been
in his hands for their use. Indeed, the allegation that it was
collected for their use, at once gives them a right of action.
The result is, there being one sufficient paragraph, and the
demurrer being to the whole complaint, it was correctly
overruled. Perkin's Ind. Prac. 236.

Defendant answered by a general denial, and four special
defenses. No questions arise on the second, third, and fourth.
The fifth is as follows: "That said note was sold and delivered
by *King* to *Patterson*, and by *Patterson* to the plaintiffs,
'without indorsement in writing,' wherefore defendant says
that *Patterson* and *King* ought to be made parties to this
suit." To this answer there was a demurrer sustained, and
the defendant excepted. This defense is not well pleaded.
It goes to the entire cause of action; but relates only to facts
stated in the first paragraph of the complaint, and sets up a
defect of parties, when that defect plainly appears in that
paragraph. It is only where such defect does not appear in
the complaint that it can be objected to by answer. Had the

# CASES IN THE SUPREME COURT

Nov. Term, 1860.

ALEXANDER
v.
GAAR.

defendant, instead of demurring to the entire complaint, demurred to the first paragraph, only, on the ground of a defect of parties, the objection as to parties would, then, have been available. 2 R. S., §§ 50, 54, pp. 38, 39.

The issues were submitted to the Court, who found for the plaintiffs, and, having refused motions for a new trial, and in arrest, rendered judgment.

The receipt, described in the complaint, was given in evidence, and reads thus:

"Received of *Abram King*, a note to collect on *George Outsinger* and *Peter Keck*, for $217, due *December* 21, 1856, with a credit thereon of $108, leaving a balance of $109.

"*March* 13, 1857. (Signed,) "*David Alexander.*"

The plaintiffs then produced *Willis S. Webb*, who testified, *inter alia*, that, as agent of the plaintiffs, he called on the defendant, presented an order from *King*, the payee of the note to the plaintiffs, for the money, and demanded it. Defendant replied, to the demand, that he had collected the money; but stated that he would not pay it, because he believed the order presented was not written by *King*; but said he would pay the money to the plaintiffs when they produced and returned to him, his receipt given for the note. Witness further testified, that afterward he procured the above receipt from the plaintiffs, and, as their agent, again called on the defendant, presented the receipt and demanded the money. He, again, admitted that he had collected it; but said he would not pay it over to the plaintiffs until they produced a power of attorney from *King*.

The plaintiffs, then, offered to read in evidence the depositions of *King* and *Patterson*. To the reading of which the defendant objected; but the objection was overruled, and he excepted. As the grounds of this objection do not appear to have been presented to the lower Court, the exception taken is not available in this Court. The depositions were to the effect, that *King* left the note with defendant, for collection, in *March*, 1857; that he was to collect it and send the money to him, *King*, in a check; that *King* sold the note to *Patterson* in *October*, 1857, and delivered it to him without assign-

ment; and that, afterward, *Patterson* sold the note to the plaintiffs. The Court, *inter alia*, found, specially, "that after the above assignments, the defendant collected the money from the makers of the note."

The appellants contend that this finding is unsustained by the evidence. We think otherwise. The Court may have inferred, from all the evidence, that defendant had collected the note after both assignments. At all events, it has so construed the evidence, and we are not inclined to disturb its conclusions. But, in this case, it is not, in our opinion, material whether the note was, or not, transferred before the makers paid it, because the whole transaction plainly shows that the claim on the defendant, for the money collected by him, and in his hands, was regularly transferred to the plaintiffs, and by virtue of such transfer legally vested in them. It follows, they had a right of action, and were entitled to recover, under the second count of the complaint. It may be true, that, as the claim was assigned to the plaintiffs by delivery merely, the assignors should have been made parties. But, as has been seen, no proper objection, as to parties, was raised by the pleadings, or otherwise; hence, that objection can not be allowed to prevail in this Court.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*G. M. Overstreet* and *A. B. Hunter*, for appellant.

*Thomas W. Wollen*, for appellees.