May Term,
1861.

HUBBELL and Another *v.* SKILES and Another.

A complaint by surviving partners should set out the names of all the partners, and show how the parties suing became survivors.

In a suit by an assignee upon a warehouseman's receipt for goods left in store, the assignor must be made a defendant to answer as to his interest.

*Wednesday,*
*May 29.*

APPEAL from the *Huntington* Circuit Court.

*Per Curiam.*—Complaint, in three paragraphs, by *John Skiles* and *Samuel Davis*, surviving members of the firm of *Skiles, Davis & Co.;* the first, on an account stated; the second and third are similar, each being upon a warehouse receipt for wheat deposited. The following is a copy of one of them:

"*A. A. Hubbell & Co's* Warehouse, *Huntington, August* 28, 1857. No. 152. Received in store, from *Joseph Nevis,* forty-three bushels, twenty-four pounds of white wheat.

A. A. HUBBELL.

For value received, I assign the within to *Skiles & Davis.*

J. NEVIS."

Demurrer to the first paragraph of the complaint, on the ground that it did not state facts sufficient; to the second and third for the same reason, and because of a defect of parties, in this, that *Nevis* should have been made a party.

It is insisted that the first paragraph is bad because it does not state who constituted the firm of *Skiles, Davis & Co.;* and consequently it does not aver to whom the promise was made, nor how plaintiffs became survivors. As to this, we are of opinion that the complaint is, in that respect, imperfect. 2 Chit. Pl. 92, 93. As to the second and third paragraphs of the complaint, the objection as to parties is well taken. In this respect the case falls within the reason of the case of *Mewherter* v. *Price*, 11 Ind. 199. The receipts can not, as urged by the appellees, be regarded as promissory notes for the payment of money, within the meaning of the statute authorizing assignments.

The judgment is reversed, with costs. Cause remanded, &c.

*J. R. Coffroth,* for the appellants.

*D. O. Daily,* for the appellees.