Bledsoe and Others *v.* Irvin.

BLEDSOE and Others, *v.* IRVIN.

PLEADING.—*Abatement.*—In a suit on a joint contract, all the makers thereof must be joined as parties defendants, and the failure of the plaintiff to join any one is cause of demurrer, if it appear on the face of the complaint; if it does not so appear, it may be taken advantage of by plea in abatement.

SAME.—*Plea in Abatement.*—It is not necessary that a plea in abatement should show in what manner a joint maker of a contract became a maker.

APPEAL from Bartholomew Common Pleas.

BUSKIRK, J.—The action in the Common Pleas Court of Bartholomew county, from which this appeal was taken, was to obtain judgment on a note, and to foreclose a mortgage given to secure the same.

The only question arising in the case is upon the sustaining of a demurrer by the court below to the answer in abatement. The note upon which the action was brought was signed as follows : " L. S. Bledsoe, E. H. Cox & Co., Samuel Stuckey."

The answer in abatement above referred to, was as follows, after entitling the cause, viz.: " Defendants, for answer in abatement herein, say that plaintiffs ought not to maintain said action, because, they say that the said note in said declaration mentioned (if any such was made), was made by one Elizabeth Kinney jointly with said defendants, and not by said defendants alone, and that said Elizabeth Kinney is still living, to wit, at said county of Bartholomew, State of Indiana; wherefore, because said Elizabeth Kinney is not named in said complaint, nor made a party defendant in this action, they pray judgment herein that said action abate.

(Signed,)                              L. S. BLEDSOE.

Subscribed and sworn to March 22d, 1869.

G. W. RICHARDSON, N. P.

To this a demurrer was filed, for the alleged reason that it did not state facts sufficient to constitute a defense. This error we think is fatal to the judgment below. The note on its face is a joint note. At common law, all makers of a

joint contract must have been joined as parties defendants, and the failure of plaintiff to join any one was cause of demurrer, if it appeared in the complaint, and of plea in abatement if it did not so appear. Such was the uniform ruling of this court; *Bragg* v. *Wetzel,* 5 Blackf. 95; *Dillon* v. *The State Bank,* 6 Blackf. 5; *Wilson* v. *The State,* 6 Blackf. 212, and authorities cited in the last two cases; *Gilman* v. *Rives,* 10 Pet. 298. Nor has the code changed the rule. 2 G. & H. 46, sec. 18; id. 79, clause 4, and note thereto.

Even if this case were to be considered as embraced within the principle laid down in *Goodnight* v. *Goar,* 30 Ind. 418, that "the code seems to have re-enacted the rules which prevailed in courts of equity, as to who must join as plaintiffs, and may be joined as defendants," still the plea in abatement in this action, under equitable rules, was good. The answer was pleaded by all the defendants who had been summoned, including Stuckey, whom the record shows to have been a surety on the note. As such he had rights over against all the other makers of the note, in the event of his having anything to pay thereon; and in all cases of that character, it is said to be the rule in equity, that all parties so consequentially liable, must be brought before the court. 1 Daniell's Ch. Prac. 329. And in accordance with this principle, is the decision of *Hardy* v. *Blazer,* 29 Ind. 226, and also in *Braxton* v. *The State,* 25 Ind. 82.

But it is insisted by the appellee, that the ruling of the court was not erroneous, for the reason that the plea in abatement was defective in not showing how and in what manner Elizabeth Kinney had become a maker of the said note. The plea alleged that she was a joint maker of the note, and the demurrer admitted that this was true. Pleadings should contain facts and not evidence. We think the court erred in sustaining the demurrer to the plea in abatement.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the

demurrer to the plea in abatement, and for further proceedings not inconsistent with this opinion.

*R. Hill* and *G. W. Richardson*, for appellants.

*F. T. Hord*, for appellee.