GILBERT v. ALLEN.

PARTIES.—Defect of.—Pleading.—Justice of the Peace.—An action commenced before a justice of the peace, on a judgment in favor of the plaintiff and another, against the defendant and another, without any allegation in the complaint as to why the other judgment creditor is not joined as a co-plaintiff, should be dismissed on motion for defect of parties plaintiffs, or a demurrer thereto assigning that reason should be sustained.

SAME.—*Demurrer.—Plea in Abatement.*—If, in such case, such omitted judgment defendant be living, but that fact does not appear by the complaint, an objection that there is a defect of parties defendants must be presented, not by demurrer, but by a plea in abatement alleging such fact.

SUPREME COURT.— *Unavailable Error.—Judgment.*—Where the complaint in an action is insufficient, a judgment rendered therein for the defendant, on the trial of the cause, will not be reversed by the Supreme Court, on appeal, because of errors committed by the lower court against the plaintiff.

From the Vanderburgh Circuit Court.

*A. Dyer*, for appellant.

*L. Wood*, and *J. M. Shackelford*, for appellee.

PERKINS, J.—Suit commenced before a justice of the peace of Vanderburgh County, Indiana, by Samuel E. Gilbert, upon the following transcript of a judgment rendered in the State of Kentucky. The suit is against Andrew M. Allen.

"Davies Circuit Court, August Term, 1860.

S. E. Gilbert & Co., pltffs., *v.* Brown & Allen, def. Judgment.

"The defendant having been duly summoned, and failing to answer, it is now adjudged by the court, that plaintiffs recover of defendants the sum of $395$\frac{22}{100}$, with interest thereon from 24th day of January, 1855, until paid, subject to the following credits: $2.52 paid 5th April, 1855, $49.06 21st April, 1855, and $49.04 on 25th Dec., 1855; and that plaintiffs also recover of the defendants the further sum of $71.36, with interest thereon from 24th day of January, 1855, until paid, subject to a credit of $42.30, paid 13th February, 1855, and their costs herein expended.

"Davies Circuit Court.

"I, John P. Thompson, clerk of said court, do certify that the foregoing is a true copy of the judgment rendered by said court on the 28th day of August, 1860, in the action mentioned in the caption.

"Given under my hand this 23d April, 1869.

"JOHN P. THOMPSON, Clerk."

The certificate of the judge follows.

· We omit, as unimportant in this case, the part of ·the transcript preceding the judgment.

The cause went by appeal to the Vanderburgh Circuit Court.

In that court, the defendant, Allen, moved to dismiss the suit for want of necessary parties, but the motion was overruled, and the defendant excepted.

. He then demurred to the complaint, assigning divers causes,—among them, a defect of parties plaintiffs, and a defect of parties defendants,—but the demurrer was over-ruled, and exception reserved.

An answer was filed. The cause was tried, and the defendant had judgment.

The plaintiff appealed to this court, and assigned errors.

The defendant has assigned as cross-errors, that the court erred in overruling his motion to dismiss the case, and in overruling his demurrer to the complaint.

The court should have sustained the motion to dismiss, the suit having originated before a justice; *Bragg* v. *Wetzel*, 5 Blackf. 95 ; and, not having done so, should have sustained the demurrer to the complaint. *Barrackman* v. *Worthington*, 5 Blackf. 213, is in point.

This suit is prosecuted by Samuel E. Gilbert, upon the transcript of a judgment in favor of S. E. Gilbert & Co., shown incidentally by the record to be a partnership, composed of several persons, against "Brown & Allen," presumed partners under that name, without any allega-tions in the complaint, in this suit, showing who the plaintiffs or defendants in the Kentucky judgment are, or why they are not all made parties to this suit.

Where ˙the cause of action shòws, that the action is brought by a part of the joint contractors, the complaint should show a reason for the omission of the others; but as to the defendants, if the complaint does not show that those omitted are living, it must be made to appear by plea in abatement. *Dillon* v. *The State Bank*, 6 Blackf.

5, 7, note 2; *Hubbell* v. *Skiles*, 16 Ind. 138; *Britton* v. *Wheeler*, 8 Blackf. 31; *Alexander* v. *Gaar*, 15 Ind. 89; *Bledsoe* v. *Irvin*, 35 Ind. 293. See, also, *Pollock* v. *Dunning*, 54 Ind. 115.

As the court below should have dismissed the cause, or sustained a demurrer to the complaint, and as the result of the trial upon the merits was against the plaintiff, we have not examined the errors assigned by him; for, should we find them to exist, we could not reverse the judgment against him, as he is entitled to no judgment upon his complaint. A right result has been reached, though by erroneous methods.

The judgment is affirmed, with costs.