Bray v. Black.

---

## BRAY v. BLACK.

New Trial.—*Cause.*—*Motion to Dismiss.*—The ruling of the court on a motion to dismiss an action is not ground for a new trial.

Promissory Note.—*Action by Devisee.*—*Parties.*—*Decedents' Estates.*—*Waiver.* —In an action upon an unendorsed promissory note, by a plaintiff alleging himself to be the owner thereof by devise from the payee, the representative of the latter should be made a party defendant, or the

complaint should allege that there is no such representative; but a failure to object to such defect is a waiver thereof.

SAME.—*Defect of Parties.*—*How Presented.*—Such objection is not presented by a motion to dismiss the action on the ground of the insufficiency of the complaint.

SAME.—*Capacity to Sue.*—*How Questioned.*—An objection in such case that the plaintiff has not legal capacity to sue, on the alleged ground that letters of administration of the deceased payee's estate have not been granted to the plaintiff, is insufficient.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave,* for appellant.

*L. M. Campbell,* for appellee.

BIDDLE, C. J.—Suit brought before a justice of the peace by Virginia T. Black, on a joint promissory note made by Richard H. Bray and Francis M. Bray, payable to the order of John Black. The note was not endorsed.

To show title to the note and her right to sue upon it, Virginia T. Black avers, in her complaint, the death of the payee of the note, and " that she is the sole and lawful owner of said note by devise of said John Black, deceased."

At the trial, the justice found in favor of the defendant Richard H. Bray, upon the ground that he was a minor, and against Francis M. Bray, in favor of the appellee, for the amount due on the note, and rendered judgment accordingly.

Francis M. Bray appealed to the circuit court, and therein moved to dismiss the case for the following reasons, viz. :

" 1. Because the cause of action does not state facts sufficient to constitute a cause of action; and,

" 2. That the plaintiff Virginia T. Black has not legal capacity to sue, in this : It appears by the cause of action that John Black, the payee of the promissory note sued on, is dead, and it is not shown that letters of administration have been issued or granted to the said Virginia T. Black, the plaintiff in this suit, upon his estate, or to any

one else, as required by the statute in such case made and provided."

The motion to dismiss was overruled, and an exception to the ruling reserved.

Trial by the court; finding against Francis M. Bray; motion for a new trial; overruled; exception; judgment; appeal.

The causes assigned for a new trial were:

1. That the decision of the court is contrary to law; and,

2. That the court erred in overruling the written motion of the defendant to dismiss said cause.

The evidence is not before us. There is nothing to show us any error of law occurring at the trial. This disposes of the first cause assigned for a new trial.

The second cause assigned is not an error occurring at the trial. If an error at all, it occurred before the trial. It is therefore manifest that granting a new trial would not reach it. The overruling of the motion for a new trial presents no question.

Did the court err in overruling the motion to dismiss the cause for the reasons assigned? This is the sole question now before us.

The only ground of insufficiency in the cause of action that we can find is a defect of parties defendants. Undoubtedly, the representatives of the deceased payee should have been made parties defendants, to answer as to their interest in the note, or the cause of action should have contained an averment that there were no such representatives. *St. John* v. *Hardwick*, 11 Ind. 251. But this defect was not assigned as a ground of dismissal. It must therefore be held as waived.

The first cause assigned as a ground of dismissal does not reach a defect of parties defendants. *Strong* v. *Downing*, 34 Ind. 300; *Shane* v. *Lowry*, 48 Ind. 205; *Shirts* v. *Irons*, 54 Ind. 13.

The second cause assigned for dismissing the case pre-

sents no ground whatever. Because the appellee had not obtained letters of administration on the estate of John Black, it does not follow that she had no legal capacity to sue. The want of such capacity must arise from some legal disability of the plaintiff, as infancy, idiocy, or coverture. *Debolt* v. *Carter*, 31 Ind. 355.

There is no available error in the record.

The judgment is affirmed, with costs and five per cent. damages.