## DURHAM v. HALL ET AL.

67 123
150 307

CONTRACT TO PAY INSOLVENT'S DEBTS.—*Action by Creditor.*—When, by an instrument in writing, an insolvent debtor transfers and delivers all of his

property to another, and the latter therein promises "to compromise or otherwise settle all the debts" of the former, an action may be maintained thereon by a creditor who has given notice of his acceptance of its provisions.

SAME.—*Debtor a Proper Co-Plaintiff.*—*Parties.*—*Demurrer.*—The debtor is a proper co-plaintiff with the creditor in an action on such contract, against the other party thereto ; and, in such case, a demurrer by the defendant, alleging that the debtor should be made a defendant, is ineffectual.

SAME.—*Excessive Damages.*—Where, by the evidence, a finding against the defendant, on the trial of such action, might properly be for the full amount of the debt sued for, he can not complain, on a finding for only a percentage of such debt, that the damages were excessive.

From the Parke Circuit Court.

*P. S. Kennedy* and *W. T. Brush,* for appellant.

*A. Thomson, B. T. Ristine* and *T. H. Ristine,* for appellees.

HOWK, J.—This suit was commenced by the appellees, against the appellant, in the Montgomery Circuit Court.

The appellees' complaint counted upon a written contract executed by and between the appellees, Israel B. and James R. Gwyn, and the appellant, William H. Durham, of which contract the following is a copy :

" This agreement witnesseth, that‘whereas Israel B. Gwyn and James R. Gwyn have this day assigned, transferred, sold and delivered to William H. Durham their entire stock of goods, now in the Nick Shultz store-room, on Washington street, Crawfordsville, Indiana, together with the safe, furniture and other fixtures, in and about said store-room, owned by them, and also conveyed to the said Durham lots Nos. 1 and 2, in Patterson's Addition to Crawfordsville, Indiana, together with all the buildings situated thereon. Now this agreement witnesseth, that, in consideration of said sale and conveyance of said real estate and personal property to him, the said Durham agrees, by compromise or otherwise, to settle all debts owing by them, or, if such settlement be impracticable, that the proceedings in bankruptcy now pending be prosecuted

so as to effect a final adjustment of their business. And said Durham further agrees, that if a compromise be not effected, and bankruptcy is prosecuted, then he will, as one of the creditors, use his influence and vote for their final discharge, although their assets shall fail to pay fifty per cent. of their indebtedness.

(Signed,)                    "W. H. DURHAM,

"I. B. GWYN,

"JAMES R. GWYN."

It was alleged in the complaint, that the appellee Israel B. Gwyn, on the 27th day of December, 1867, executed his note to the appellee James H. Hall, for the sum of four hundred and seven dollars, borrowed of said Hall by the appellees Israel B. and James R. Gwyn, who were merchants in the city of Crawfordsville, under the firm name of I. B. Gwyn & Bro.; and that the said sum of money was so borrowed to be used and was used by said I. B. Gwyn & Bro., in their said firm business, and that they annually paid said Hall interest thereon for several years, as appeared from the endorsements on said note, a copy of which was filed with the complaint. It was further alleged in the complaint, that the appellee Hall was one of the creditors of said firm of I. B. Gwyn & Bro. at the time said contract was made by and between them and the appellant Durham, and that the said note was one of the debts of said firm ; that the said Gwyns transferred all their property, subject to execution, to the appellant, retaining nothing to pay their debts, but they received therefor the appellant's contract to settle their debts ; that the appellant had not paid the said Hall, nor tendered him his said debt, or any part thereof, but he had appropriated the said property of the said Gwyns to his own use, and refused to pay said Hall, as in said contract provided ; that when said contract was entered into, proceedings in bankruptcy were pending against the said Gwyns in the United.

States District Court, for the district of Indiana, begun by one .John W. Gwyn, one of their creditors; that, at the time of the execution of said contract, the appellant settled the said claim of said John W. Gwyn, and by the terms of the settlement the appellant was to control the bankruptcy proceedings, and the same were to be continued in the name of said John W. Gwyn, subject to the appellant's control, and the appellant· caused said bankruptcy proceedings to be dismissed; that, by reason of the stipulations of said contract, the appellee Hall was induced to let the time expire for proceeding again in bankruptcy, and to permit the said property, which was liable for his said debt, to remain in the appellant's hands, and to suffer the said Gwyns to be stripped of all means to pay his said debt; that the said Hall was induced, by the appellant's contract to settle said debt, not to pursue said property, when he could have reached the same in bankruptcy, and subjected it to the payment of his said debt; that, since the execution of said contract, the said Hall had a vested interest therein, and as soon as he learned of its execution he notified the appellant that he would accept the provisions of the contract, and would look to the appellant for his said debt, and made demand therefor; and that, on the 8th day of January, 1875, and before the commencement of this suit, the appellee Hall again demanded of the appellant payment of his said debt, which was refused, and it remained unpaid; and that, by the appellant's failure, a liability was left upon the said Gwyns, which the appellant had agreed to discharge. Wherefore, etc.

To the appellees' complaint, the appellant demurred upon two grounds of objection, as follows:

1. That the complaint did not state sufficient facts to constitute a cause of action;

2. That there was an apparent defect of parties, in this, that the said Israel B. and James R. Gwyn were necessary parties defendants to this action.

This demurrer was overruled by the court, and to this decision the appellant excepted. He then answered in four paragraphs, of which the first was a general denial, and in each of the other three paragraphs he set up affirmative or special matter, by way of defence.

The appellees' demurrers to the second, third and fourth paragraphs of answer were overruled by the court, and their exceptions were duly entered to these rulings; and they then replied to said paragraphs, putting the case at issue.

On the appellant's application, the venue of the action was then changed from the Montgomery Circuit Court to the court below, where a trial of the issues by the court resulted in a finding for the appellee James H. Hall, assessing his damages in the sum of one hundred and sixty-eight dollars and eighty-eight cents. The appellant's motion for a new trial having been overruled and his exception saved to this decision, the court rendered judgment on its finding for the appellee James H. Hall.

In this court, the appellant has assigned, as errors, the following decisions of the courts below:

1. In overruling his demurrer to the appellees' complaint; and,

2. In overruling his motion for a new trial.

We will consider and decide the questions discussed by the appellant's counsel in their brief of this cause, in this court, and which fairly arise under the errors alleged, in the order of their assignment.

1. It can not be doubted, as it seems to us, by any one who will read the summary of the appellees' complaint set out in this opinion, that the facts stated in the complaint were amply sufficient to constitute a cause of action. The contract in suit was considered by this court in the case of *Durham* v. *Bischof*, 47 Ind. 211; and, in so far as the allegations of fact are concerned, the complaint in the case at

bar conforms substantially to the opinion of this court, in the case cited.

One of the grounds of objection to the complaint, as stated in the appellant's demurrer thereto, was an apparent defect of parties, in this, that the appellees Israel B. Gwyn and James R. Gwyn, who were joined by the appellee James H. Hall as plaintiffs below, were necessary parties defendants, in this action. In the case of *Durham* v. *Bischof, supra,* the Gwyns were not parties to the action, either as plaintiffs or as defendants. Durham had demurred below to the complaint, for the non-joinder of the Gwyns as parties defendants, the demurrer had been overruled below, and this ruling was assigned as error, in this court. In considering the question presented by this alleged error, in that case, it was said by BUSKIRK, J., in delivering the opinion of the court :

" Durham was bound by his contract to account to Gwyn & Brother and their other creditors, for the application of the proceeds of the real and personal property transferred and conveyed. It was necessary to his protection, that Gwyn & Brother should have been parties, and be bound by the judgment. *Bledsoe* v. *Irvin,* 35 Ind. 293.

"We think there was a defect of parties defendants, and that the court erred in overruling the demurrer to the complaint."

It is certain, we think, that the Gwyns were necessary parties to the action, and that the question as to parties, as presented to this court in the case cited, was correctly decided. In the case at bar, the question as to parties is again presented to this court for decision, but under other circumstances now, than those appearing in the case cited. In that case, as we have seen, the Gwyns were not parties to the action on either side, and the only question presented to this court for decision was, whether or not they were necessary parties defendants in that suit.

In the case now before us, the Gwyns had joined in the complaint as parties plaintiffs, and as such they would be as much bound and concluded, and the rights of the appellant, Durham, would be as fully protected, by the judg-ment rendered in the action, as if they had been made parties defendants therein. The Gwyns having joined in this suit as plaintiffs, it certainly was not necessary that they should be made parties defendants thereto in their own complaint.

But it is said by the appellant's learned counsel, that "there is no joint right of action shown" in the complaint, by and between the Gwyns and their co-appellee, James H. Hall, and that, for this reason, the appellant's demurrer to the complaint, for the want of sufficient facts therein, ought to have been sustained. In support of this point, counsel have cited the decision of this court in the case of *Berkshire* v. *Shultz*, 25 Ind. 523. It is the law in this State, as settled by many decisions of this court, that a complaint by two or more plaintiffs must state a good cause of action in favor of both or all the parties plaintiffs, or, otherwise, a demurrer thereto, for the want of sufficient facts to consti-tute a cause of action, must be sustained. *Lipperd* v. *Edwards*, 39 Ind. 165 ; *Griffin* v. *Kemp*, 46 Ind. 172 ; *Neal* v. *The State*, 49 Ind. 51 ; and *Parker* v. *Small*, 58 Ind. 349. But it seems to us that this rule of pleading is not appli-cable to the complaint in the case at bar.

In section 17 of the practice act, it is provided that "All persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plain-tiffs, except as otherwise provided in this chapter [article]." 2 R. S. 1876, p. 39. The exceptions referred to in this sec-tion are where suits are brought by an executor, admin-istrator, trustee of an express trust, or by a person express-ly authorized by statute, or where one or more of several refuse his or their consent to join as plaintiffs, or where

the case is one of a common or general interest to many persons, or where the parties are so numerous as to render it impracticable to bring them all before the court. See sections 4 and 19 of the practice act.

It is clear that this case does not fall within any of these exceptions, and therefore is equally clear, we think, that, as to the point now under consideration, the case must be governed by the general rule, as stated in said section 17. It can not be doubted that the Gwyns, as well as the appellee Hall, had an interest in the subject of this action and in obtaining the relief therein demanded. Under the contract sued on in this action, the appellees Israel B. and James R. Gwyn had conveyed, transferred and delivered to the appellant, Durham, all their property, real and personal, upon the faith of his agreement, that, with the proceeds of such property, he would settle all debts owing by them, and effect a final adjustment of their business. The Gwyns owed their co-appellee, James H. Hall, the debt sued for in this action, and the Gwyns, as well as Hall, had an interest in the subject of this action, and in obtaining the relief demanded, namely, the application by Durham of the proceeds of their property, in his hands, to the payment of their debt to their co-plaintiff and co-appellee, James H. Hall. The Gwyns and Hall were, therefore, properly joined as plaintiffs, under the provisions of said section 17 of the practice act. *Berkshire* v. *Shultz, supra; Goodnight* v. *Goar*, 30 Ind. 418; and *Bledsoe* v. *Irvin, supra.*

For the reasons given, we are clearly of the opinion that no error was committed by the court, in this case, in overruling the appellant's demurrer, upon either ground of objection stated therein, to the appellees' complaint.

2.  In his motion for a new trial, the only causes therefor, assigned by the appellant, were, that the finding of the court in this case was not sustained by sufficient evidence,

and that it was contrary to law.   It is clear to our minds that the appellant has no just cause to complain of the finding of the court.   The court's finding against the appellant was only for thirty-three per cent. of the amount due James H. Hall from Israel B. and James R. Gwyn; and, if it had been for the full amount thus due, it seems to us that we could not have disturbed the finding upon the evidence.   The appellant's motion for a new trial was, we think, correctly overruled.

By way of cross errors, the appellees have assigned the decision of the court in overruling their demurrers to the affirmative paragraphs of the appellant's answer; but the conclusions we have reached, in considering the alleged errors assigned by the appellant, render it wholly unnecessary for us to examine these cross errors, or to decide any of the questions thereby presented.

The judgment is affirmed, at the appellant's costs.