GEORGE E. E. SPARHAWK *v.* ISAAC N. HALL
AND ANOTHER.*

*Pleading.    New Assignment.    Judgment* Non Obstante.
*Repleader.    Service of Process.*

In trespass for false imprisonment committed more than twelve days before the December Term, 1877, defendants pleaded process returnable to the June Term, 1878, placed in the hands of an officer with instructions to serve as therein directed, and arrest thereunder. Plaintiff replied that *after* defendants caused the process to be placed in the officer's hands with instructions as alleged, they directed him to arrest plaintiff immediately by virtue thereof, and that the officer pursuant to such directions immediately arrested and detained plaintiff, as in the declaration alleged. Issue was joined thereon,.and it was found for defendants. Plaintiff moved for judgment *non obstante* and for an award of a repleader, but the motion's were overruled. *Held,* that the replication was in effect a new assignment, that under it plaintiff was bound to prove a command to the officer after delivery of process to him, that if the issue was immaterial, it was plaintiff's fault, and that the motions were properly overruled.

TRESPASS for false imprisonment on November 19, 1877. Plea general issue, and plea of regular process returnable to the County Court then " next to be held at St. Johnsbury, within and for the county of Caledonia, on the first Tuesday of June, 1878," issued as a *capias* before the time in the declaration mentioned, to wit, on November 19, at suit of the defendants on affidavit in due form ; placing of the same in the hands of an officer afterwards on the same day " with instructions to serve . . . as directed " therein ; and arrest thereunder afterwards on the same day, and not otherwise. Issue on the first plea, and, as to the second, replication that after the defendants caused the process to be placed in the officer's hands with instructions as in the plea alleged they directed the officer "to immediately arrest the body" of the plaintiff by virtue of said writ, and that the officer in pursuance of such directions immediately arrested and detained the plaintiff as in the declaration alleged. The replication was trav-

*Heard at the February Term, 1879.

ersed and issue joined. Trial by the court, December Term, 1878, BARRETT, J., presiding. The court found that the allegations of the replication were not made out in proof. The plaintiff moved for judgment *non obstante*, but the motion was overruled, to which the plaintiff excepted. The plaintiff then moved that a repleader be awarded, but that motion was also overruled, to which the plaintiff excepted.

*J. J. Wilson*, for the plaintiff.

The writ having been served early enough to have been made returnable to the December Term, 1877, was void. *Parsons* v. *Lloyd*, 2 Bl. 845 ; *Bond* v. *Wilder*, 16 Vt. 393 ; *Hovey* v. *Niles*, 26 Vt. 541 ; *Fifield* v. *Richardson*, 34 Vt. 410 ; *Adams* v. *Whitcomb*, 46 Vt. 708, 712.

The plea confesses but does not avoid. The plaintiff is therefore entitled to judgment. 1 Chit. Pl. 656, 657 ; *Gage* v. *Barnes*, 11 Vt. 195 ; *Chase* v. *Holton*, 11 Vt. 347 ; *Stoughton* v. *Mott*, 15 Vt. 162.

The issue was immaterial, and a repleader should have been awarded. 1 Chit. Pl. 655, 656 ; *Eddy* v. *Cochran*, 1 Aik. 359 ; *Stoughton* v. *Mott*, *supra* ; *Gerrish* v. *Train*, 3 Pick. 124.

*S. C. Shurtleff*, for the defendants.

The plea was sufficient. The term *next to be held* was on the first Tuesday of December. The statement of the writ that it was to be in June is surplusage. *Dean* v. *Swift*, 11 Vt. 331 ; *Gallup* v. *Spencer*, 19 Vt. 327.

The plaintiff cannot try the question on the arrest justified by the plea, and also the question on the arrest alleged in the replication by way of new assignment. *Spencer* v. *Bemis*, 46 Vt. 29.

Service of the writ is the commencement of the suit, except for the purposes of the Statute of Limitations. *Studwell* v. *Cooke*, 38 Conn. 549 ; *Randall* v. *Bacon*, 49 Vt. 20.

Trespass will not lie for arrest under process, unless the writ is void. It will not lie merely because the writ is irregular or out of time. *Cameron* v. *Lightfoot*, 2 Bl. 1190. But here the writ was regular. If any irregularity exists it is the fault of the offi-

cer in making service—not of the defendants. *Parsons* v. *Lloyd*, 2 Bl. 845, arose under the common law, and therefore does not apply where, as in this State, the matter is wholly regulated by statute.

Whether the plaintiff could have recovered if the pleadings had been different, it is not necessary to inquire. Having tendered an immaterial issue and failed thereon, he is not entitled to judgment. 1 Chit. Pl. 655, 656 ; Gould. Pl. 474.

The opinion of the court was delivered by

POWERS, J. The plaintiff declares for a single act of trespass —one arrest and imprisonment. The defendants justify that act under the process set out in their plea and an averment that they directed the officer, *when* they delivered the process to him, to serve as directed therein. The process was regular in form and returnable to the June Term, 1878, of the Caledonia County Court, and issued as a *capias*. By way of replication to the plea, the plaintiff averred that *after* the defendants delivered said process to the officer *with the instruction to serve it as therein directed*, as set forth in the plea, the defendants directed the officer to *immediately* arrest the body of the plaintiff by virtue of said writ, and that the officer, pursuant to said *last-named* direction, arrested the plaintiff and detained him, as stated in the declaration. Issue was joined on this replication and the fact found for the defendants. The plaintiff now claims judgment *non obstante veredicto*, or failing that, that a repleader should be awarded.

The action is brought against the defendants, who were plaintiffs in the process set out in the plea. Their liability is predicated upon their command to the officer to make the arrest of the plaintiff. In the plea the defendants set out a process regular in form, and *in itself* valid to authorize the officer to arrest the plaintiff. They further aver that they commanded the officer to serve it as therein directed—that is, as a process returnable to the June Term, 1878, of Caledonia County Court. This direction was lawful. Thus far the defendants have made no improper use of the process. In fact the officer served it at once, and a term of the Caledonia County Court intervened between the ser-

vice and the return of the process. The defect or irregularity was in the service, and not in the process itself. If the officer had delayed service a few days, no irregularity would have occurred. *Nelson* v. *Denison*, 17 Vt. 73. The plaintiff did not question this plea as he might and should have done. *Boynton* v. *Willard*, 10 Pick. 166 ; *Oakley* v. *Davis*, 16 East, 82. The replication gives the plea the " go by ", and alleges a command by the defendants to the officer, on a *later* and *different* occasion, to arrest the plaintiff by virtue of the process. This replication, though somewhat inartificial, is in substance a new assignment of the trespass complained of in the declaration ; and under it the plaintiff was bound to prove a command by the defendants *after* the delivery of the process to the officer. *Oakley* v. *Davis, supra ; Pratt* v. *Groome*, 15 East, 335 ; 1 Waterman Tresp. s. 241 ; 1 Chit. Pl. 632 ; *Bragg* v. *Wetzel*, 5 Blackf. 95.

The plaintiff failing on this issue, the question arises as to the judgment to be rendered. A repleader cannot be awarded to the plaintiff, because, if, as he claims, the issue made upon the replication was immaterial, it was his fault. 1 Chit. Pl. 656 ; Gould Pl. c. 10, s. 32 ; *Goodburne* v. *Bowman*, 9 Bing. 532. By the new assignment the plaintiff has admitted that the trespass as alleged in the declaration is well answered by the plea. 1 Saund. 299 ; 1 Chit. Pl. 628, 632 ; *Oakley* v. *Davis, supra ; Poor* v. *Taggart*, 37 N. H. 544. The plea confessed the cause of action disclosed in the declaration and avoided it by matters of lawful excuse, and the plaintiff elects to so treat it. As the record stands, the plaintiff is not entitled to a judgment *non obstante*, but judgment must go for the defendants, who have in law answered the declaration by their plea, and are not guilty of the trespass put in issue by their rejoinder.

*Judgment affirmed.*