Carico *et al. v.* Moore *et al.*

. No. 403.

CARICO ET AL. *v.* MOORE ET AL.

PARTNERSHIP.— *Who May be Regarded as Partners.—Name of Partnership.—* Where persons associate themselves with each other, and carry on business together under a common name, but the association is not a corporation, the persons composing it may be regarded as partners. The business of a partnership may be carried on under any name which the partners adopt, though it be one in form appropriate for a corporation

SAME.— *Complaint.—Averments not Conflicting.—* Where a complaint contained the direct averment that the defendants were partners, doing business under a firm name and style mentioned, the further averment that they held themselves out and permitted themselves to be held out as partners, was not inconsistent with the prior averment, and did not render the pleading insufficient.

PARTIES.— *Non-Joinder of.—Demurrer.—* A demurrer for non-joinder of necessary parties defendant will not lie, unless the complaint on its face shows the defect of parties.

SAME.— *Answer in Abatement.—Omitted Parties Subject to Process.—Answer Must Aver.—* An answer in abatement for non-joinder of persons alleged to be jointly liable with the defendants, which does not show that such persons were subject to the process of the court, is insufficient.

SAME.— *Objection as to Defect of.—How Must be Taken.— Waiver of.—* If the objection that there is a defect of parties defendant be not taken either by demurrer or answer in abatement, "the defendant shall be deemed to have waived" such objection. Section 343, R. S. 1881.

APPEAL.— *When Question not to be Considered.—* A question not assigned as a reason for a new trial can not be considered on appeal.

From the Vigo Circuit Court.

*W. H. Soale, A. Grimes* and *I. N. Pierce,* for appellants.

*C. F. McNutt* and *J. G. McNutt,* for appellees.

BLACK, J.—The appellees, Thaddeus S. Moore and Ernest J. Langen, sued the appellants, George W. Carico, Wilson H. Soale, Andrew Grimes, George W. Loidley and Elmer S. Mason, whose demurrer to the complaint for defect of parties defendant was overruled.

The appellants answered in abatement for non-joinder of parties defendant. A demurrer to this answer was sustained. The appellants then answered by general denial. The cause

was tried by the court, the finding being for the appellees. A motion for a new trial made by the appellants was overruled.

The rulings upon the demurrers and upon the motion for a new trial are assigned as errors.

It is also assigned that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleged that the appellees were partners, doing business under the firm name and style of " Moore & Langen ; " that they were engaged in printing, book-binding and blank book manufacturing, and that they ran a job office, where they printed letter-heads, envelopes, circulars, notices, and like matter ; that the appellants were partners, doing business under the firm name and style of " Wabash Mutual Live Stock Association ; " that said association was a partnership ; that the appellants were allowing their names to be used as members of said association and partnership, and that they were holding themselves out and allowing the association to hold them out to the world as members and officers of such association and partnership ; that they were engaged in insuring horses and cattle and live stock generally; " that the defendant partnership are indebted to the plaintiff partnership in the sum of $98.15, for envelopes, circulars, letter-heads, reports, blanks, orders, receipts, postal-cards, assessment books, certificates of membership and printed constitutions and goods furnished and sold by the plaintiffs to defendants at the special instance and request of the defendants ; that said envelopes, circulars, etc., were used by the defendant partnership in carrying on their insurance business. A bill of particulars of said goods, envelopes, circulars, etc., is filed herewith and made part hereof, and marked ' Exhibit A ; ' that defendants have wholly failed and refused to pay the said debt, although payment has often been demanded by said plaintiffs ; that said sum of $98.15 is due and unpaid. Wherefore," etc.

Where persons associate themselves with each other, and

carry on business together under a common name, but the association is not a corporation, the persons composing it may be regarded as partners. *Kenyon* v. *Williams,* 19 Ind. 44; *Manning* v. *Gasharie,* 27 Ind. 399; *Love* v. *Blair,* 72 Ind. 281; *Coleman* v. *Coleman,* 78 Ind. 344.

The business of a partnership may be carried on under any name which the partners adopt, though it be one in form appropriate for a corporation. *Holbrook* v. *St. Paul, etc., Ins. Co.,* 25 Minn. 229; *Crawford* v. *Collins,* 45 Barb. 269.

The appellants object because no facts are stated in the complaint as to how they held themselves out as partners or as to how they permitted themselves to be held out as partners.

The complaint contained the direct averment that the appellants were partners, doing business under a firm name and style mentioned. The statement that they held themselves out and permitted themselves to be held out as partners, if not sufficient alone to charge them as partners, as to which we need not decide, was not inconsistent with the prior direct averment, and did not render the pleading insufficient.

The demurrer to the complaint was for defect of parties defendant in this, " that there are a large number of other persons who are members of the Mutual Live Stock Association other than the officers of the same ; that ' certain persons named,' and others whose names appear on the membership books of the association are necessary party defendants in this cause."

A demurrer for non-joinder of necessary parties defendant will not lie, unless the·complaint on its face shows the defect of parties. Sections 339, 343, R. S. 1881; *Dillon* v. *State Bank,* 6 Blackf. 5; *Wilson* v. *State,* 6 Blackf. 212; *Bledsoe* v. *Irvin,* 35 Ind. 293; *Durham* v. *Bischof,* 47 Ind. 211; *Gilbert* v. *Allen,* 57 Ind. 524; *Thomas* v. *Wood,* 61 Ind. 132; *Cox* v. *Bird,* 65 Ind. 277.

The answer in abatement, to which the demurrer was sus-

tained, was for non-joinder of persons alleged to be jointly liable with the defendants. It did not show that such persons were subject to the process of the court; therefore, the answer was insufficient. *Alexander* v. *Collins*, 2 Ind. App. 176.

In discussing the assignment relating to the overruling of the motion for a new trial, counsel for the appellants insist that the evidence shows that the appellees dealt with the appellants as officers and agents of the association; and it is contended that they could not be selected by the appellees and made liable for the debt.

If the objection that there is a defect of parties defendant be not taken either by demurrer or answer in abatement, " the defendant shall be deemed to have waived" such objection. Section 343, R. S. 1881.

It is also contended that the amount of recovery was too large; but this was not assigned as a reason in the motion for a new trial. Therefore the question which counsel thus seek to present can not be considered by us.

The judgment is affirmed.

Filed Feb. 19, 1892.