## BOSEKER, EXECUTRIX, ET AL. *v.* CHAMBERLAIN.

[No. 19,988. Filed February 19, 1903.]

PLEADING.—*Complaint by Assignee.*—*Defect of Parties.*—*Demurrer.*—If the facts alleged in a complaint by the assignee of a claim arising out of a contract show that the assignor is dead, and that there is no personal representative within the State, the complaint is sufficient to withstand a demurrer for defect of parties. *pp. 115, 116.*

SAME.—*Complaint.*—*Demurrer for Defect of Parties.*—A demurrer for want of facts presents no question as to defect of parties. A demurrer for defect of parties must specifically point out the defect complained of, and give the name or names of the parties who should be joined. *p. 117.*

SAME.—*Abatement.*—*Parties.*—A plea in abatement for non-joinder of parties defendant which fails to show that the persons not joined as defendants are living and subject to process of the court, thus giving a better writ, is bad. *p. 117.*

PARTIES.—*Defect of.*—*Waiver.*—The failure to raise the question of non-joinder of parties by demurrer in proper form, or by plea in abatement, is a waiver of such objection. *p. 118.*

EVIDENCE.—*Assignment of Claim.*—*Admission Without Proof of Execution.* —*Notice.*—The written assignment of a claim sued on is admissible in evidence without proof of its execution, where §478 Burns 1901,

providing the manner in which writings material to an action may be rendered competent, has been complied with.  *p. 118.*

APPEAL.—*Rules of Supreme Court.—Briefs.*—That the evidence was not sufficient to sustain the finding of the trial court may not be considered on appeal, where clause 5 of rule 22 of the Supreme Court, requiring the statement in the brief to contain a condensed recital of the evidence, has not been complied with.  *p. 118.*

From Superior Court of Allen County; *J. H. Aiken,* Judge.

Action by Norman H. Chamberlain against Cornelia Boseker, executrix of the estate of Christian Boseker, deceased, and another. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. H. Shambaugh, J. M. Barrett* and *S. L. Morris,* for appellants.

*Robert Lowery,* for appellee.

MONKS, J.—Appellee, as assignee of Cassius M. Ensminger, brought this action against Christian Boseker and William Moellering to recover for work and labor performed and for materials and money furnished by said Ensminger at the request of said Boseker and Moellering. Said Boseker died intestate before the trial of said cause, and his executrix was substituted as a defendant. A trial of said cause by the court resulted in a finding and judgment in favor of appellee.

The errors assigned and not waived call in question the action of the court in overruling the demurrer of each appellant to each paragraph of the complaint, appellants' motion for a new trial, and appellants' motion in arrest of judgment.

The grounds of demurrer to each paragraph of the complaint were that there was a defect of parties defendant, in this: "That Cassius M. Ensminger is not made a party defendant to either paragraph of said action; (2) that the administrator of the estate of Cassius M. Ensminger, alleged to be deceased, is not made a defendant to either

paragraph of the complaint." It is alleged in the first paragraph that Ensminger assigned the account sued upon to appellee, "by an asignment in writing, a copy of which is filed herewith, and marked exhibit B;" that said Ensminger afterward died; that at the time of said assignment "he was a resident and citizen of the state of Missouri, and he was not, at the time of said assignment, or at the time of his death, or at any time, a citizen or resident of the State of Indiana, and that there has never been an appointment of an administrator or executor for him or his estate." The allegations in the other paragraphs of the complaint in regard to the residence and death of said Ensminger, and there being no administrator or executor of his estate, are substantially the same as in the first paragraph.

Section 277 Burns 1901, §276 R. S. 1881 and Horner 1901, provides that: "When an action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment or his interest in the subject of the action." Ensminger, if he had been living when this action was commenced, would have been a necessary party under said section. It is evident that if he was dead his administrator or executor, if any, would have been a necessary party under said section. *Bray* v. *Black,* 57 Ind. 417, 419; *St. John* v. *Hardwick,* 11 Ind. 251, 252.

If the assignor was dead, and there was no executor or administrator of his estate when this action was commenced, as alleged in each paragraph of the complaint,— all of which must be taken as true in passing upon the demurrer—it can not be said that there was a defect of parties defendant in not making the assignor or the executor or administrator of his estate a party defendant, for the reason that the assignor was dead, and there was no executor or administrator of his estate within the jurisdiction of the court. It has been held by this court that if the facts alleged show that the assignor is dead, and that there is no

Boseker *v.* Chamberlain.

personal representative, the same are sufficient to withstand a demurrer for the defect of parties, required by §277, *supra.* *Bray* v. *Black, supra; St. John* v. *Hardwick, supra.*

The rule is that a demurrer for defect of parties must specifically point out the defect complained of, and give the name or names of the parties who should be joined, stating whether as plaintiffs or defendants. *State, ex rel.,* v. *Mc-Clelland,* 138 Ind. 395, 398, 399; *Cox* v. *Bird,* 65 Ind. 277, 280, 281; *Durham* v. *Bischof,* 47 Ind. 211, 213; *Vansickle* v. *Erdelmeyer,* 36 Ind. 262, 263; Works' Prac. (3d ed.), §483. This is because the demurrer for such cause performs the same office that a plea in abatement performs when the defect of parties does not appear upon the face of the complaint.

A plea in abatement for non-joinder of parties defendant, which fails to show that the persons not joined as defendants are living and subject to the process of the court, thus giving a better writ, is bad. *Ford* v. *Garner,* 5 Ind. 297, 298; *Levi* v. *Haverstick,* 51 Ind. 236; *Gilbert* v. *Allen,* 57 Ind. 524; *Hess* v. *Lowrey,* 122 Ind. 225, 228, 7 L. R. A. 90, 17 Am. St. 355; *Ferguson* v. *State,* 90 Ind. 38; *Bledsoe* v. *Irvin,* 35 Ind. 293, 294; *Alexander* v. *Collins,* 2 Ind. App. 176, 179; *Carico* v. *Moore,* 4 Ind. App. 20, 22, 23; 15 Ency. Pl. & Pr., 576.

It follows, if the facts alleged in the complaint show that the person not joined in a case, like the one before us, is dead, and no executor or administrator of his estate has been appointed in this State, that the same is sufficient to withstand a demurrer, in proper form, for defect of parties defendant.

It is clear, even if each paragraph of the complaint was not sufficient to withstand a demurrer, in proper form, for defect of parties, on account of the non-joinder of the administrator of the estate of Ensminger as a defendant, that the second ground of the demurrer filed in this case did not present that question, because the name of such administrator was not given.

A demurrer for want of facts presents no question concerning a defect of parties plaintiff or defendant. *Carskaddon* v. *Pine,* 154 Ind. 410, and authorities cited; *Strong* v. *Downing,* 34 Ind. 300, 301.

The failure to raise the question of non-joinder of parties by demurrer in proper form, or by plea in abatement, is a waiver of such objection. §346 Burns 1901, §343 R. S. 1881 and Horner 1901; *State, ex rel.,* v. *McClelland,* 138 Ind. 395, 399; *Kelley* v. *Love,* 35 Ind. 106; *Leedy* v. *Nash,* 67 Ind. 311, 317.

The rules governing actions by heirs to collect debts due their ancestors, declared in *Jewell* v. *Gaylor,* 157 Ind. 188, *Indianapolis, etc., R. Co.* v. *Price,* 153 Ind. 31, and cases of that class, have no application to this case.

During the progress of the trial, counsel for appellee, over the objection of appellants, read in evidence the written assignment of the claim sued upon, executed by Cassius M. Ensminger. The evidence shows, however, that appellee had, before the trial, fully complied with all the requirements of §486 Burns 1901, §478 R. S. 1881 and Horner 1901. Said written assignment was therefore properly read in evidence, under said section, without proof of its execution, although it was not the foundation of the action.

It is insisted by appellant that the evidence was not sufficient to sustain the finding of the court. Appellants are not in a position to ask a decision of this question, on account of their failure to comply with clause five of rule twenty-two of this court, which requires that the statement in the brief "shall contain a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely." *Indiana, etc., R. Co.* v. *Ditto,* 158 Ind. 669.

We have, however, read the evidence, and find that there is evidence which sustains all the allegations in the complaint necessary to a recovery in this action.

Judgment affirmed.